AARON *v.* AARON.

5-1308                                    305 S. W. 2d 550

Opinion delivered October 7, 1957.

*Robert W. Griffith,* Little Rock, for appellant.

*George W. Shepherd* and *Robinson, Sullivan & Dixon,* for appellee.

J. SEABORN HOLT, Associate Justice. Appellant, Margurette Aaron, and appellee, Thomas Aaron, were married in February 1942 and to this union a child, Marilyn, was born. November 10, 1954 appellant was granted a divorce, the care and full time custody of Marilyn, then 13 years of age, and $12 per week for her maintenance, with visitation privileges to appellee. Both parents remarried on January 15, 1955.

February 9, 1956, appellee filed motion to be relieved of further maintenance payments until appellant complied with the original order relating to visitation, which he alleged she had not done. The court granted this order and denied appellant any allowance for attorney's fees. Thereafter, on November 29, 1956, appellant filed motion for an increase in maintenance allowance for the child, alleging changed conditions, additional expenses and requirements since Marilyn had reached the age when she was being promoted to junior high school. She also asked for all costs and attorney's fees. Appellee responded to this motion alleging continued violation by appellant of the original order relating to visitation. Trial resulted in a decree awarding part time custody, amounting to approximately 4 months and 8 days per year to appellee, the $12 weekly maintenance payments were reinstated for those periods of time only when the child was in the custody of its mother, appellant. Appellant's request for costs and attorney's fees was denied. This appeal followed.

For reversal appellant contends that the trial court abused its discretion in awarding part time custody of the minor child to appellee, its father; in refusing to increase the award for the child's maintenance; and in denying appellant costs and attorney's fees. We have

concluded that appellant is correct in all of these contentions.

At the time of trial this little girl was, as indicated, 13 years of age. She testified that while she did not dislike her father she wanted to be with her mother, and showed a decided preference for her. She testified: "Q. The reason that you don't see him is because of his present wife and you don't like her? A. Yes . . . Q. That is the truth? A. Yes, sir." Here as in all similar cases, while the right of each parent to custody of a child is of equal dignity (*Kirby* v. *Kirby*, 189 Ark. 937, 75 S. W. 2d 817) the welfare and best interest of the child must be considered as a prime factor in awarding its custody. In *Vilas* v. *Vilas*, 184 Ark. 352, 42 S. W. 2d 379, quoting from *Patterson* v. *Cooper*, 163 Ark. 364, 258 S. W. 988, wherein there was involved the custody of a 14 year old girl between the father and mother, we there said: "At any rate, the wishes of the children were consulted, and, while their preference is not of controlling importance, it is a circumstance which cannot be ignored, and, as the younger child is now fourteen years old, she has reached an age which would entitle her to select her own guardian, if she had neither father nor mother, subject to the approval of the probate court. Section 4987, Crawford & Moses' Digest.

"This § 4987 (now incorporated into Ark. Stats., § 57-608) does not, of course, give the children here involved the right to choose a guardian, because they have both a father and a mother, and the statute applies only where the child has neither father nor mother, but we recognized in the Patterson case, *supra,* that this statute declares the policy of the law to consult the wishes of children who have reached the age of discretion in deciding which parent shall have their custody.

"It was said in the case of *Lipsey* v. *Battle*, 80 Ark. 287, 97 S. W. 49, in which case the opinion was rendered long prior to the passage of the Act of 1921, above referred to, that 'courts not only respect the rights and feelings of the parent, but also when the child is of sufficient age they give consideration to its

wishes. The child in this case is nearly thirteen years of age. She expressed a decided preference to dwell with her mother. So far as this evidence shows, this mother and child are sincerely attached to each other, and this feeling should not be disregarded, nor the ties of affection sundered, unless the welfare of the child clearly demands that she be separated from her mother . . . Other cases to the same effect are: *Jackson* v. *Clay,* 89 Ark. 501, 117 S. W. 546; *Longinotti* v. *Longinotti,* 169 Ark. 1001, 277 S. W. 41; *Jackson* v. *Jackson,* 151 Ark. 9, 235 S. W. 47.''

Here, while the father loves his child and wants part time custody, he does not offer her a home in its real sense. He offers her the care of a step-mother, who, as indicated, she very much dislikes, and who is herself employed by U. S. Time at $40 per week, and who is living in one room with her husband. In the circumstances we think that it would be for the best interest of this child to award her undivided custody to her mother, appellant, with proper visitation privileges to appellee. Divided custody of a minor child is not favored, unless circumstances clearly warrant such action. In the present case we think part time custody would be decidedly against the best interest of this little girl. We hold that the preponderance of the testimony is against the trial court's finding in this regard.

It is always the duty of the father to support a minor child, ''and no conduct on the part of his wife could free him from his duty'' to support such child, (*Jones* v. *Jones,* 199 Ark. 1000, 137 S. W. 2d 238). Here it appears that the child's father, appellee, was earning approximately $58 per week. We think that the allowance of $12 per week for the maintenance of this child was not commensurate with appellee's ability to pay and the necessities of this little girl who is just entering her teens and junior high school, and obviously her demands are increasing. We are of the opinion that allowance for maintenance should be increased to $75 per month and it will remain at that amount until the altered circumstances of the parties suggest a revision.

Appellee will be required to pay to appellant's attorney a fee of $100 and in addition all costs.

Accordingly the decree is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Judge Robinson not participating.