STEPHENSON *v.* STEPHENSON.

5-3067 375 S. W. 2d 659

Opinion delivered February 24, 1964.

*B. W. Thomas* and *Earl Mazander,* for appellant.

*Q. Byrum Hurst,* for appellee.

JIM JOHNSON, Associate Justice. This is an appeal from a final decree and a modified decree of divorce entered against the appellant, Joan Stephenson, and in favor of appellee J. H. Stephenson. These parties were married on September 11, 1954, and separated March 3, 1962. On July 2, 1962, appellee filed a complaint for divorce in Garland Chancery Court against appellant, alleging that appellant was guilty of indignities to appellee's person and seeking custody of the two young sons of the parties. A general denial was thereafter filed on behalf of appellant. After changing counsel, appellant filed a motion on September 18, 1962, requesting an order permitting appellant to file an amended and substituted answer and cross-complaint. This motion was granted and on October 2, 1962, appellant's amended and substituted answer and cross-complaint was filed, which specifically denied appellee's allegations and cross-complained, *inter alia,* for divorce, custody, child support and attorneys fees. On December 7, 1962, the case was tried before the chancellor, with the parties and a number of witnesses testifying in support of appellee's complaint and appellant's cross-complaint. On December 11, 1962, the court entered its final decree of divorce granting custody of the children to appellee except during June, July and August of each year, from which decree appellant has prosecuted this appeal. (On January 29, 1963, a modified decree was entered by the chancellor. The ruling appears to be identical with the original decree, with the additions (1) that appellee was ordered to return to appellant her personal belongings and personal property owned by her prior to the marriage, and (2) that each of the parties was given visitation rights two weekends each month while the children are in the other party's custody.)

Appellant urges six points for reversal which are argued collectively and resolve down to (1) that the

trial court erred in granting custody of the young boys to the father and (2) that the evidence did not support the findings and decree of the chancellor.

It is not usual for a chancellor or this court, for that matter, on trial de novo to award custody of young children to anyone other than their mother. However it is not unheard-of. See *Bornhoft* v. *Thompson,* 237 Ark. 256, 372 S. W. 2d 616. Arkansas Stat. Ann. § 34-1211 (Repl. 1962) says in part that, "Where a decree [of divorce] shall be entered, the court shall make such order touching the . . . care of the children, if there be any, as from the circumstances of the parties and the nature of the case shall be reasonable." In custody matters the unyielding consideration is the welfare of the children. It matters not to this court which of the parties "wins" custody, so long as the children are the ultimate winners of good care and home. In the case at bar the chancellor found that appellee was entitled to a divorce on his complaint and that appellant was not entitled to a divorce on her cross-complaint, and awarded custody to appellee except during the months of June, July and August, during which time appellant should have their custody. During the hearing the perceptive chancellor had the opportunity to fully appraise the witnesses and their testimony. Appellant vigorously contends that the chancellor erred in awarding custody of the children to the father, but there was estimable evidence which supported the able chancellor's conclusion, and we have said, consistently and frequently, that we will not reverse the findings of the chancellor unless such findings are against the preponderance of the evidence. *Murphy* v. *Osborne,* 211 Ark. 319, 200 S. W. 2d 517; *Austin* v. *Austin,* 237 Ark. 127, 372 S. W. 2d 231. As we said in *Bornhoft* v. *Thompson, supra:*

"The parties and the witnesses were all observed by the chancellor, who thus had the opportunity to note their demeanor on the stand, the manner of answering the questions, and he was, accordingly, in much better position to judge the truthfulness or untruthfulness of the statements made by the parties and witnesses. We

are unable to say that his finding . . . is against the preponderance of the evidence. . . .

". . . Of course, the father [mother, here] can always petition the court for a modification of the present decree if circumstances indicate that a change should be made."

Solicitors for appellant have petitioned for an allowance of attorneys' fee for their services rendered in this court, which is hereby granted, in the sum of $200.00.

Affirmed.

GEORGE ROSE SMITH, J., dissents.