No. 24205.

JOAN SMITH *v.* EDWARD G. SMITH, A/K/A ED G. SMITH.
(474 P.2d 619)

Decided September 21, 1970.

Burns and Wall, Peter J. Wall, Hindry and Meyer, Erickson and Littell, Jay L. Gueck, for plaintiff in error.

WILLIAM E. MYRICK, JOHN A. CRISWELL, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

JOAN SMITH brought an action against her husband, Edward G. Smith, seeking a divorce, custody of a minor child, alimony and a property division. The husband counterclaimed for divorce below and the trial court granted a divorce in favor of both parties. The wife contends (1) that the trial court erred in awarding custody of the parties' minor child to the father, (2) that the amount awarded to the wife in property settlement was inadequate. The husband alleges cross-error, contending that the amount of permanent alimony awarded to the wife constituted an abuse of discretion.

The parties were married May 4, 1966. The child, James John, was born January 5, 1968. The wife filed her complaint for divorce April 29, 1968, along with motions seeking (1) the return of the child who was with his father, (2) an order restraining the husband from disposing of any of his property, and (3) support and suit money orders. Temporary custody was placed in the mother on May 17, 1968, *nunc pro tunc* May 3, 1968. At this hearing the court ordered both parties to see a psychiatrist so that expert testimony could be heard on the issue of permanent custody.

In the interim, the husband filed his counterclaim for divorce, and on September 4, 1968, both parties were granted a divorce. Custody of the child was allowed to remain with the mother until a later hearing could be held. The court also ordered that the parties undergo additional examination by a second psychiatrist, and further ordered the Jefferson County Welfare Department to conduct an investigation on the matter of custody, and file a written report.

On January 24, and 27, 1969, hearings were held on the issue of permanent custody. In its order of March 4, 1969, *nunc pro tunc* January 24, 1969, the court awarded permanent custody of the child to the father. After another hearing, permanent orders regarding property division and alimony were issued April 7, 1969.

We will discuss the matter of custody first, and then consider the alleged error concerning alimony and the property settlement.

## I.

This court has always been committed to the doctrine that the paramount consideration in awarding custody of children is the best interest of the child itself. *Rippere v. Rippere,* 157 Colo. 29, 400 P.2d 920. The enactment of 1969 Perm. Supp., C.R.S. 1963, 46-1-5 (7), which provides, *inter alia,* "In any action for divorce or in any subsequent proceeding in which more than one party seeks the custody of any minor child, no party shall be presumed to be able to serve the best interests of the child better than any other party because of sex . . .," in no way affects this principle. The best interests of the child must still be determined by the trial judge in each case based on the particular circumstances of that case.

In this case, the court heard testimony from friends and relatives on both sides. He heard the testimony of three expert witnesses. He also heard the testimony of the parties. The friends and relatives stated that either party could be considered an excellent parent, depending, of course, on which side called them. The experts differed in their conclusions. The court specifically stated for the record that it was the testimony of the wife herself which was primarily responsible for his ruling. Referring to her testimony, he said:

"The Court found it to be totally irreconcilable with any sense of reality in any particular. . . . It left the Court feeling that it would be impossible for the plaintiff to relate in any satisfactory manner at all with an adolescent child."

We have carefully reviewed the wife's testimony in the record. We do not find the trial court's ruling to be an abuse of the discretion entrusted to it.

One of the experts said that he felt the mother to be the best guardian for the child at his current age of one year, but felt that the mother's psychiatric problems would begin to tell on the child as he reached four or five. In reference to this, the trial court ruled that he must look at the whole picture, and decided that it would be best to merely allow the mother liberal visitation rights for the first few years. We agree that this is a proper method. The court did order the father to hire a housekeeper.

█ It has been the consistent position of this court that whenever we are called upon to review a matter within the sound discretion of a trial judge, we will not reverse his finding unless it constitutes a clear abuse of that discretion. *Coulter v. Coulter,* 141 Colo. 237, 347 P.2d 492. We therefore affirm placing the child in the father's custody.

II.

█ The same respect for the trial judge's discretion applies to property settlements and alimony as it does to custody determinations. *Moats v. Moats,* 168 Colo. 120, 450 P.2d 64.

In this case, the wife is seeking review of the property settlement of $12,000 — out of which she must pay attorney's fees of approximately $7,500 — contending that it is so low as to constitute an abuse of discretion. The husband's cross-error asserts an abuse in awarding the wife $250 per month permanent alimony. It should be noted that the trial judge warned both parties that neither would be satisfied with his ruling. In addition, it should be noted that in the briefs the wife seemed perfectly satisfied with her alimony and the husband had few complaints about the property settlement.

██ The record indicates to us that there was in fact no abuse of discretion *in toto,* except for the requirement

by the trial court that the wife pay her own attorney's fees out of the award made to her.

The parties were married for a little over two years. The husband had established a successful business of buying and selling land. Although the testimony was conflicting, his net worth was set by the trial court at approximately $500,000; both prior to and after the marriage. The wife brought approximately $17,000 into the marriage, part in cash, part in land she owned. During the course of the marriage, she lent $6,600 to her brother, receiving a note payable to herself and her husband. As part of the decree, the husband relinquished his rights in the note. It would also appear that during the marriage, she spent some $4,400 in cash on herself and the baby. The trial court's property division order was an attempt to place her in the same financial position insofar as her separate property was concerned as she had been prior to the two-year-old marriage. But the wife argues that after she deducts her attorney's fees, she is left with less than she had when she was married. We agree with this contention and hold that the portion of this order requiring the wife to pay her attorney's fees constituted an abuse of discretion. We direct the trial court to order that the wife's attorney's fees be paid by the husband. Where a wife's estate is small, she is not required to impair her capital in order to litigate properly her side of the controversy. *See Bieler v. Bieler,* 130 Colo. 17, 272 P.2d 636. Especially is this true where, as here, the value of the assets of the parties are grossly disproportionate.

In the same vein, the husband claims the alimony award exceeds the bounds of discretion. When we consider the age of the parties (she in her middle 30's, he in his middle 50's), in conjunction with the relative earning potential each of the parties can reasonably anticipate and also their relative wealth, we hold the trial judge did not abuse his discretion in the alimony award he decreed.

The judgment is affirmed, except as regards that part

of the judgment requiring the wife to pay her own attorney's fees, which we reverse with directions to the trial court to order that the same be paid by the husband.

MR. JUSTICE DAY, MR. JUSTICE KELLY and MR. JUSTICE LEE concur.