26868. FOLSOM v. FOLSOM.

Argued December 13, 1971—Decided January 6, 1972.

*W. J. Patterson, Jr.,* for appellant.

*Adams, O'Neal & Hemingway, Kice H. Stone,* for appellee.

GRICE, Justice. In this appeal a father complains of an award of custody to the mother of their three minor children.

This disposition resulted from the filing of an action by Glenda Jenkins Folsom in the Superior Court of Bibb County against George H. Folsom, Jr., seeking divorce, alimony and custody of the children. The issue of custody was transferred to the juvenile court of that county for final determination. Custody was awarded to the mother and the father was granted certain visitation rights. The appeal therefrom involves three enumerations of error.

1. The first enumeration is that the court erred in overruling the father's objection to the following question:"Q. Now, Mr. Cox tell me this: Was there anything said about marriage?" This was a conversation between Don Cox and his former wife, Joyce Cox. The father objected upon the ground that this was hearsay. This objection was overruled.

The transcript shows that subsequent colloquy ensued and that the trial judge sustained the father's motion to exclude the entire conversation of which this question was a part. Therefore the issue in this enumeration is now moot.

Furthermore the allowance of this question and the answer as to mention of the marriage, was not harmful to the father. Joyce Cox's reaction to her former husband's marriage to the mother of the children was too remote to be relevant on the issue of custody between the mother and father.

For both of these reasons this enumeration is not meritorious.

2. The second enumeration contends that the court erred in excluding a letter from the mother of Don Cox to his former wife, concerning him. This enumeration is not valid since there was no identification as to authorship of the letter.

3. The third enumeration urges that the court abused its discretion in awarding custody of the children to their mother.

Where, as here, the contest is between parents there is no prima facie right of custody; but the court, in the exercise of its sound discretion, shall place the children where in its judgment their best interest will be best served. *Code Ann.* § 74-107; *Rigdon v. Rigdon,* 222 Ga. 679, 680 (151 SE2d 712).

In the case before us the evidence was in sharp conflict as to the parental capabilities of the mother and father. Each relied upon testimony of neighbors and friends as to character and handling of the children. Each party gave opposite versions as to what occurred within the home, charging the other with serious misconduct. As to this the young children supported the mother's versions. The evidence is undisputed that the father upon three occasions has been hospitalized and treated for serious illness which bears heavily upon his ability as custodian.

All of the evidence in this voluminous record has been examined and considered. No useful purpose would be served by recounting it here and thus perpetuating it upon the records.

Acting upon this evidence the trial court did not abuse its discretion in awarding the children to their mother.

*Judgment affirmed. All the Justices concur.*