CARLA FAYE DOTY *v.* SAMMY LEE MORRISON

5-5768                       476 S.W. 2d 241

Opinion delivered February 21, 1972

*Daily, West, Core & Coffman,* for appellant.

*Theron Agee,* for appellee.

GEORGE ROSE SMITH, Justice. This is a child custody case involving the parties' three-year-old son, Shohn Lee Morrison. When the divorce decree was rendered on

May 20, 1969, the chancellor awarded custody of the child to the mother, now Mrs. Doty. The father was granted visitation rights "at reasonable times and places" and specifically for one day each weekend, from 9:00 a.m. to 5:00 p.m., on alternating Saturdays and Sundays. After both parties had remarried and acquired homes of their own the father filed the present petition, asking for additional and more specific visitation rights.

After an extended hearing, at which eleven witnesses testified, the chancellor entered a decree which, among other provisions, awarded the father the following rights of visitation: He is to have the child at his home from 5:00 p.m. on Friday to 5:00 p.m. on Sunday of the first weekend in every month. On other weekends the previous provision for nine-to-five visits on alternating Saturdays and Sundays is continued in effect. Morrison is also to have the child during the first week in July and the first week in August and to have him on two of four specified holidays in each year.

In seeking a reversal the appellant mistakenly invokes the rule that the law does not favor divided custody of a very young child. Counsel cite *Sindle* v. *Sindle,* 229 Ark. 209, 315 S. W. 2d 893 (1958), and *Aaron* v. *Aaron,* 228 Ark. 27, 305 S. W. 2d 550 (1957). Those cases involved a true division of custody. In *Sindle* the father was awarded custody during the months of March, July, and November. In *Aaron* the father was awarded custody for more than four months during the year. It is impossible to lay down an inflexible distinction between visitation rights and a division of custody, both of which may take many forms, but we think it clear that the rights vested in the father in the case at bar properly fall in the category of visitation rather than in that of a divided custody. See *McFadden* v. *McFadden,* 206 Ore. 253, 292 P. 2d 795 (1956); *Patrick* v. *Patrick,* 17 Wis. 2d 434, 117 N. W. 2d 256 (1962).

The appellant's two points for reversal both assert that the decree is against the preponderance of the evidence. The testimony, mostly given by the parties themselves and by their relatives, is so frequently in ir-

reconcilable conflict that the chancellor necessarily could accept only parts of it as being true. We did not have his invaluable opportunity to observe the witnesses as they testified. Moreover, as we said in *Wilson* v. *Wilson*, 228 Ark. 789, 310 S. W. 2d 500 (1958): "We know of no type of case wherein the personal observations of the court mean more than in a child custody case." A detailed narration of the testimony in this case would, on the one hand, be of no value as a precedent and might, on the other hand, even be a disservice to all concerned by publicizing charges and countercharges that ought to be finally laid at rest. It must suffice for us to say that we are not convinced by our study of the proof that the decree is against the preponderance of the evidence.

The appellant's request for an additional attorney's fee is denied.

Affirmed.