Sue Ann CHILDERS, formerly Sue Ann O'Neal *v.* Troy L. O'NEAL, Jr.

5-5784           476 S.W. 2d 799

Opinion delivered February 28, 1972

*S. Daniel George,* Sallisaw, Okla., and *Wiggins & Christian,* for appellant.

*Gean, Gean & Gean,* for appellee.

J. Fred Jones, Justice. The appellant, Sue Ann Childers, was formerly married to the appellee, Troy L. O'Neal, Jr., and they are the parents of a four year old daughter. This is an appeal by Sue Ann from an order of the Sebastian County Chancery Court denying her motion for a change in the custody of the child. On appeal to this court the appellant relies on the following point for reversal:

> "The chancellor erred in not modifying the prior order of divided custody of Rhonda O'Neal."

The parties to this action were divorced by decree of the Sebastian Chancery Court on July 5, 1968. They announced in open court that they had agreed to divide the custody of the child equally between them with each having its custody for six months each year with right of visitation by the one out of custody. This agreement was approved by the chancellor and incorporated into the divorce decree. Both of the parties have remarried and since her remarriage the appellant has filed several motions for full custody of the child, alleging changed conditions since the decree that would justify a change in custody. Each motion has been denied by the chancellor who rendered the original decree, and this appeal is from the last of five orders so entered.

We try chancery cases *de novo* on appeal to this court but we do not disturb the chancellor's orders or decrees on questions of fact unless they are against the preponderance of the evidence. *Dyer* v. *Dyer,* 116 Ark. 487, 173 S. W. 394.

It would serve no useful purpose here to set out the testimony in detail. The substance of the appellant's allegations, as well as the substance of her testimony is to the effect that she now has a nice and comfortable home; that she is in a position to devote her full time to her children and that she wants the full-time custody of the child. She also testified as to some inconvenience, and in her opinion difficulty, in exercising her visitation rights reserved in the decree during the six month periods the child is in the custody of the appellee.

Dr. Joe H. Dorzab with specialization in psychiatry testified that in his opinion permanent custody in one parent is better for a child than to have the custody split between the parents. He had interviewed the appellant and her present husband, as well as the child, and was unable to say that the split custody has been detrimental to the child in this case.

The attorneys on both sides of this case seem to recognize that the best interest of the child is the prime consideration of the courts in child custody cases, but there is nothing in the record that would indicate that

the chancellor was not fully aware of his responsibility in this connection. The appellant cites several decisions. from this court as well as decisions from the courts of other states, frowning on split custody of children between divorced parents, but the chancellor found in the case at bar, that the child is adjusting nicely to the situation; that she is maturing properly without difficulty; that she is enjoying both her parents as much as possible under the circumstances, and without detriment to herself under the split custody arrangement, and we find no evidence to the contrary.

It must be remembered that the parties agreed to equally divide the custody of the child from the beginning and there is nothing in the record to indicate that the split custody is having an adverse effect on the child. There is nothing in the record indicative that either parent is unfit to have the custody of the child. The chancellor recognizes that it will be necessary to make different custody arrangements when the child reaches school age. It is true, of course, that courts generally do not favor split custody of children between divorced parents, but it is a matter of common knowledge and common sense that the attitude of the parents who share such custody can greatly enhance or greatly diminish the traumatic effect such custody has on the child involved.

The decree is affirmed.