William E. PROVIN *v.* Carole Ann PROVIN

78-103                                     572 S.W. 2d 853

Opinion delivered November 13, 1978
(In Banc)

*Howell, Price, Howell & Barron, P.A.,* by: *Gary P. Barket,* for appellant.

*Bailey, Trimble & Pence,* by: *R. Eugene Bailey,* for appellee.

CARLETON HARRIS, Chief Justice. This is a domestic relations case involving the custody of two children, ages 7 1/2 and 6 1/2, born to William E. and Carole Ann Provin. The appellee, Mrs. Provin, obtained a decree of divorce in the chancery court of Pulaski County on June 15, 1977, the order entered nunc pro tunc on February 2, 1978. On the issue of child custody, the chancellor found that each of the parties was a fit and proper person, but granted exclusive custody to the appellee. The appellant, Mr. Provin, takes exception to this finding and brings this appeal. The sole issue before the court is whether the chancellor abused his discretion by not granting joint custody [1] to the parties after finding that both were fit and proper persons to have custody.

---

[1]According to Bodenheimer, *Progress Under the Uniform Child Custody Jurisdiction Act and Remaining Problems: Punitive Decrees, Joint Custody and Excessive Modifications,* 65 *Calif. L. Rev.* 937 (1977):

"Joint custody, sometimes referred to as divided custody, gives both parents legal responsibility for the child's care and alternating companionship of the child. The concept is not new, but in the past an award of joint custody was often a matter of form rather than substance; it was often combined with an award of physical custody to one of the parents so that actual custody was in fact lodged in one parent. In the past, courts have generally resisted true joint custody arrangements, in which both parents actually have equal responsibility and alternating companionship and control of the child, finding such plans detrimental to the child's interests. Today courts are under increasing pressure to recognize parental equality by permitting joint legal and physical custody, and they are awarding joint custody in a somewhat larger number of cases. Such an award is most likely when both parents join in presenting a plan of cooperative parenthood, but joint custody has occasionally been won in adversary contests. Professional and popular opinion on the desirability of joint custody is divided, but most psychiatrists and many family law practitioners seem to oppose it. Unquestionably, some exceptionally mature parents are able, through a great deal of effort, self-discipline and emotional control, to handle a joint custody arrangement. The effect upon the children, however, is not at all clear. . . ."

Mr. Provin apparently has no complaints over the visitation order, and, in fact, he stated that he was not trying to gain physical custody of the children. He does intensely argue that since the court found that both parents were fit and proper persons to have custody, he is *ipso facto* entitled to an award of joint custody. Appellant cites our case of *Kirby* v. *Kirby*, 189 Ark. 937, 75 S.W. 2d 817 (1945), where we stated:

"It is the well-settled doctrine in this state that the chancellor, in awarding the custody of an infant child or in modifying such award thereafter, must keep in view primarily the welfare of the child, and should confide its custody to the parent most suitable therefor, the right of each parent to its custody being of equal dignity."

Mr. Provin refers to the "equal dignity" statement and, accordingly, argues that "the court must make a finding that the parent to which custody has been awarded is more fit and able to care for the children than the parent to which custody has been denied." We cannot agree with that statement. The repeated finding throughout our dozens and dozens of custody cases is that the "polestar" or most important fact in granting custody is the welfare of the child or children. In *Stepehnson* v. *Stephenson*, 237 Ark. 724, 375 S.W. 2d 659 (1964), we said:

"In custody matters the unyielding consideration is the welfare of the children. It matters not to this court which of the parties 'wins' custody, so long as the children are the ultimate winners of good care and home."

A custody matter is not a contest between the father and mother for the purpose of determining who can prevail in obtaining custody; rather, the decision of the court is based upon the welfare of the youngsters.

Appellant seems to have the idea that the court, having found both parents fit and proper for custody, and then placing such custody in the mother, had given him figuratively "a slap in the face saying I am not a fit father." This conclusion is, of course, erroneous. There are numerous cases decided by this court where we have held that both parents were fit and

proper persons, but we still approved exclusive custody (except for visitation rights) in one of the parents.

Mr. Provin says that he desires a voice in "major" decisions affecting the children, and, under the circumstances of this case, we agree he is entitled to that consideration. Such matters as whether a child should have an operation, what doctor should perform the operation, where the child will attend college, etc., are major decisions and, in fact, Mrs. Provin testified that she would consult appellant with regard to such matters. Of course, the word "major" is a relative term, meaning one thing to some persons and something entirely different to others. For instance, there is a swimming pool a few blocks from the home where Mrs. Provin and the children live. Suppose the children desire to go swimming — or visit a neighbor friend — or go to the picture show. Of course, it should not be necessary to find the parent who does not have physical custody and gain permission for these day to day acts. The children would never know whom to look to for guidance, and unreasonableness on the part of either parent could mean nothing except more court visits.

Appellant cites three out of state cases which he contends support his position.[2] There is really no discussion of the issue of joint custody in these cases, but it is interesting to note that all three courts mentioned, and decided, the case on the basis that the controlling factor was the best interest of the child. It also appears that, generally speaking, joint custody is a term used where the children stay alternately with both parents,[3] and as pointed out in the law review article quoted, is usually agreed upon. Here, Mrs. Provin was very much opposed to such an arrangement.

In the case before us, Mr. Provin never did ask for physical custody of the children. He testified that he was, and he seemed, perfectly satisfied with the physical custody being placed in the mother, and with the visitation rights granted him.

---

[2] *Winn* v. *Winn* (Cal.) 299 P. 2d 721; *Zinni* v. *Zinni* (R.I.), 283 A. 2d 373; *Henning* v. *Henning* (Ariz.), 362 P. 2d 124.

[3] We have generally considered this to be divided custody.

We are unable to say the court's finding under the circumstances herein, that it was to the best interest of the children that their "custody be awarded to one of the parties so that the parent having physical custody and supervision of the children may better regulate the daily lives of the children" was erroneous. The court even added that such award did not lessen appellant's responsibility relative to the children, nor did it affect his right as a parent to provide guidance and to participate in decisions affecting the welfare of the children.

Affirmed.