## Joyce D. DeCROO *v.* Eddie J. DeCROO

78-338                                    583 S.W. 2d 80

### Opinion delivered July 9, 1979
### (In Banc)

*Gean, Gean & Gean,* for appellant.

*Wayland A. Parker,* for appellee.

GEORGE ROSE SMITH, Justice. In this divorce suit, brought by the appellant, each party sought a divorce on the ground of indignities, and each sought the custody of the couple's two children. The chancellor awarded the husband both the divorce and the custody of the children. The appellant's points for reversal relate to the granting of the divorce, custody of the children, and property division.

First, the chancellor's award of the divorce to the husband is not clearly against the weight of the evidence. At the trial the conflicting testimony related principally to charges and countercharges of drinking and infidelity. The appellee adduced substantial proof of the appellant's asserted misconduct, with corroboration that we find to be sufficient in a contested case. The appellant's proof of her husband's misconduct, however, was somewhat deficient. In fact, in her brief the appellant argues, as the only ground for the award of a divorce to her, that her husband's unsubstantiated charges of misconduct on her part amounted to personal indignities. We see no need to detail the testimony, which does not clearly preponderate in favor of the appellant.

Second, when the issue of child custody is considered in all its aspects, we find the chancellor's award of custody to the father to be clearly against the weight of the testimony. One child is a 13-year-old girl, the other a 3-year-old boy. Even though we recognize that the right of each parent to custody is of equal dignity, it is often in the best interest of the children, especially when they are very young, that they be awarded to the mother. *Self* v. *Self,* 222 Ark. 82, 257 S.W. 2d 281 (1953). (See also Act 278 of 1979, which had not yet been passed when this case was heard below.) Here there is no intimation that it would be best to separate the sister and brother. The boy, 3, is too young to express an opinion in the matter. His sister, 13, testified that she was closer to her

mother and wanted to be with her. Such an expression of preference is not entirely without weight. *State ex rel. Rosenstein v. Hoover,* 148 Ark. 164, 229 S.W. 15 (1921). Despite the appellee's proof, we do not find the appellant unfit to have the care of her children.

There are also living conditions to be taken into account in determining custody. The parties jointly own a home in Greenwood, a few blocks from the residence of the appellee's parents. The chancellor awarded possession of the home to the father, but in fact it is seldom used by him and the children. Instead, all three occupy one bedroom in the home of the paternal grandparents (with some lack of privacy for the 13-year-old girl). In addition, the appellee works daily from 4:30 p.m. to 1:30 a.m., so that his opportunity to be with his children in the parties' own home is limited. On the other hand, if custody of the children and possession of the home are both awarded to the appellant, which we find to be proper, there will be adequate living quarters for the mother and the children. We therefore reverse the decree as it relates to custody and remand the cause to the chancery court for a determination of such matters as visitation, child support, and responsibility for the payment of taxes, insurance, and mortgage installments upon the home.

Third, during the marriage the husband accumulated, by deductions from his pay at his place of employment, one hundred and fourteen $50 U.S. bonds, payable to him or his wife. After the parties' separation the appellant re-entered the family home and, as the chancellor found, took possession of the bonds without her husband's knowledge or consent. The chancellor held that the bonds were the husband's property, but in the division of the couple's property the court ordered that the wife be given a one-third interest in the bonds.

The wife, citing only a sentence from our opinion in *Biddle v. Biddle,* 206 Ark. 623, 177 S.W. 2d 32 (1944), insists that she is entitled to a half interest in the bonds. The quotation from *Biddle,* however, merely states that when a husband buys land and takes the deed in the name of his wife, there is a presumption of a gift in her favor. Her, however, title was not taken in the wife's name. The bonds were payable to Ed-

die Joe DeCroo or Joyce D. DeCroo. Federal regulations provide that either may cash the bonds, but in a case of this kind the disposition of the bonds, as far as we can ascertain, is governed by state law. Here the husband paid for the bonds and, until after the separation, had possession of them. They were his property. The chancellor was not required to award any of the husband's property to the wife, since it was the husband who was granted the divorce. In the circumstances, when the property division (which included three cars and other assets) is considered as a whole, we cannot say that the appellant was entitled as a matter of right to a half interest in the bonds.

Affirmed in part, reversed in part, and remanded.

BYRD and HICKMAN, JJ., dissent.

DARRELL HICKMAN, Justice, dissenting. I would affirm the judgment in this case because the chancellor was in a position after two hearings to decide what was in the best interest of the children. While the majority gives lip service to our rule regarding the custody of children, that is, the best interest of the children controls, there is an effort on the majority's part to recognize a principle of law which we have in recent years rejected, that is, women are to be given preference over men in matters of custody. While the majority falls short of stating that such a principle of law still applies, I am disturbed that it is being revived however indirectly.

Custody cases are the most difficult cases for chancellors and the decision quite often rests on matters which are not evident on the printed page, which is all we have before us. This was a bitter case with serious charges of misconduct made against the mother. The father was providing a stable home and a good influence on the children, and after two hearings I am satisfied the chancellor did what he felt would be in the best interest of the children. In such a case I would not substitute my judgment for that of the trial judge.

I would affirm the judgment of the chancellor.

I am authorized to state that BYRD, J., joins in this dissent.