Linda DREWRY *v.* Benny DREWRY

CA 81-140                                                 622 S.W. 2d 206

Court of Appeals of Arkansas
Opinion delivered October 21, 1981

98

*Guy H. Jones, Phil Stratton, Casey Jones,* by: *Guy H. Jones,* for appellant.

*Matthews & Sanders,* by: *Roy Gene Sanders,* for appellee.

TOM GLAZE, Judge. This case involves a custody action wherein the chancellor awarded divided custody of the parties' child to each parent on a six month/six month alternating basis. On appeal, the appellant mother contends the chancellor erred for two reasons: (1) The facts and law do not support the divided custody award; and (2) The "Tender Years Doctrine" dictates, under the facts in this cause, that the parties' two year old child be awarded to appellant.

A review of the facts in this case is most important before deciding the issues raised in this appeal. The parties are parents of a two year old son, Michael. Appellee, Benny Drewry, filed for divorce against appellant, Linda Drewry, and appellant counterclaimed for divorce. Each party sought custody of Michael. After a temporary hearing, the chancellor awarded alternating weekly custody of Michael to appellant and appellee. Two months later, the chancellor granted a divorce to appellant and continued alternating custody of Michael between the parents. However, the chancellor changed the alternating or divided custody arrangement to a six month/six month basis. The chancellor made the following detailed findings in support of his divided custody award:

(5)

That the Court has observed the attitude and demeanor of both the Plaintiff and the Defendant, and

has listened to their testimony, as well as the testimony of their respective witnesses, in the temporary hearing, and now in this the final hearing, the substance of which has not varied from the evidence offered in the former; and having the benefit of a home study made by the Social Services of Searcy County, Arkansas, which found there was no Social reason that a divided custody of this minor child would be contrary to his best benefit and welfare, the Court finds that both the Plaintiff and the Defendant are fit and proper persons to have the care and custody of the minor child, Michael Pete Drewry.

Further, the paramount obligation of this Court is not to determine which sex has the child or to measure the love of the parents for the child. There is no basis for saying that a mother's love is greater than a father's, or that it is automatic that a child of tender years will enjoy the care of a mother more than that of a father. These are immeasurable factors. Likewise, when the qualities of environment, morality, ability to support and capability of care are equal, no judiciary has the inspired insight to say that custody should fundamentally exist in either parent. Being aware of the "tender years" policy of the Arkansas Supreme Court, this Court is also cognizant of numerous cases where the Supreme Court has affirmed awarded custody of children of a few months of age to the father.

(6)

In this instance, each parent is intelligent, sober, industrious and morally stable. Each is a school teacher, each is employed, each must have a baby sitter, each has the same time available for the child. The father has equally shared the usual care of the child, that is to say, he has equally attended to the child's bathing, diapering and feeding. In fact, on this issue there is no dispute therefore, believing that it is best for the welfare of a child under these circumstances, that it grow and mature in the presence of both parties with a sense of security in knowing each equally well as its

parents, and in order to avoid subjecting the child to the emotional and psychological trauma of adjusting to one parent, and experiencing the abrupt severance of that relationship by a sudden change in its custody and environment to another parent, the Court finds and orders that the custody of Michael Pete Drewry be divided between the parties equally; that the Defendant, Linda Drewry, shall have custody for six months and the Plaintiff, Benny Drewry, shall have custody for six months.

After a thorough review of the record before us, we conclude that although there is conflicting testimony, the evidence is clearly sufficient to support the chancellor's findings of fact. In sum, both appellant and appellee have shared equally in the nurturance of Michael. Moreover, the parties have the same amount of time to give to Michael's care, they live within close proximity to one another and appellant and appellee each have parents who are willing and able to assist them with Michael. There is no evidence that the divided custody arrangement decreed by the court will interfere with any activities Michael may have at his young age. It is under these circumstances that appellee requested to share equal time with Michael, and under which Social Services found no social reason that divided custody would be contrary to his best welfare.

Our courts have held that divided custody of a minor child is not favored unless circumstances clearly warrant such action. *Aaron* v. *Aaron*, 228 Ark. 27, 305 S.W. 2d 550 (1957), and *Childers* v. *O'Neal*, 251 Ark. 1097, 476 S.W. 2d 799 (1972). In *Aaron*, the court denied a divided custody request by the father when the parties' thirteen year old daughter expressed a decided preference to live with her mother. In *Childers*, however, the Supreme Court upheld a divided custody award of a four year old daughter to both parents.

In a case decided prior to *Childers*, the Supreme Court affirmed the chancellor's divided custody award of two boys, who were three and four years old. *Hewitt* v. *Morgan*, 220 Ark. 123, 246 S.W. 2d 423 (1952). The facts in *Hewitt* are

similar to those before us. For example, the boys were preschool age, the four grandparents assisted in their care, the parties lived near one another and the chancellor awarded divided custody on a six month/six month basis. The facts at bar are perhaps stronger than those in *Hewitt* since the evidence here is clear that both parents have shared duties and responsibilities in the care of Michael.

Although we try chancery cases *de novo* on appeal, we will not reverse the findings of the chancellor unless they are clearly erroneous or against the preponderance of the evidence, giving due regard to the opportunity of the trial court to judge the credibility of the witnesses. *Andres* v. *Andres,* 1 Ark. App. 75, 613 S.W. 2d 404 (1981) and *Digby* v. *Digby,* 263 Ark. 813, 567 S.W. 2d 290 (1978). The primary consideration in awarding the custody of children is the welfare and best interests of the children involved. Other considerations are secondary. *Digby* v. *Digby, supra.*

On the record before us, we are convinced the chancellor studiously and conscientiously considered the best interests of Michael and concluded that under the present circumstances, his welfare would best be served by having equal contact with and shared care provided by his mother and father.[1] We cannot disagree. As is true in all custody cases, material changes may occur in the future which would warrant a change in the present custody arrangement. If so, the chancellor will be in a position to make any necessary modification to assure the interests and welfare of Michael will be protected.

Appellant next argues that even though the evidence may be clearly sufficient to divide custody between the parties, the appellant should still receive full custody because under the "Tender Years Doctrine" she, as the mother of Michael, is the preferred parent. This second issue was not argued or considered in the *Hewitt* and *Childers*

---

[1] The only medical evidence offered in this case concerned the temporary order establishing the weekly divided custody award. There was no expert testimony or other evidence regarding the six month divided custody award.

cases even though divided custody of young children was awarded.

At common law, a father was the natural guardian of the minor child and was entitled to his child's custody, even above the mother, unless the child required the mother's care on account of tender years or because the child was female. *Baker* v. *Durham*, 95 Ark. 355, 129 S.W. 789 (1910). The court's predisposition to award young and female children to their mother's custody became known as the Tender Years Doctrine. The common law preference for the father to receive custody was later abrogated by law enacted by the Arkansas General Assembly. See Act 257 of 1921. The general rule became that each parent's right to custody was of equal dignity, and the primary consideration determining custody was the welfare and best interests of the child. See *DeCroo* v. *DeCroo*, 266 Ark. 275, 583 S.W. 2d 80 (1979). In spite of the "equal dignity" concept employed in the general rule, the courts have continued to apply the Tender Years Doctrine and have generally found that in most cases the mother was the primary care giver to the children. Thus, the net result, as stated by our Supreme Court, has been that "it is not usual for a chancellor or this court, for that matter, on trial *de novo* to award custody of young children to anyone other than their mother." *Stephenson* v. *Stephenson*, 237 Ark. 724, 375 S.W. 2d 659 (1964).

The Arkansas General Assembly expressed its concern over the difficulty fathers had in obtaining custody notwithstanding that, in many instances, they are more qualified to care for children than mothers. In noting its concern, the General Assembly enacted Act 278 of 1979, now compiled as Ark. Stat. Ann. § 34-2726 (Repl. 1979), which provides:

In an action for divorce the award of custody of the children of the marriage shall be made without regard to the sex of the parent but solely in accordance with the welfare and the best interest of the children.

Although the Supreme Court and our court have had occasion to observe an apparent conflict between Act 278 and the Tender Years Doctrine, neither court until now has

been requested to decide whether Act 278 abolishes the Doctrine in Arkansas. *Kimmons* v. *Kimmons,* 1 Ark. App. 63, 613 S.W. 2d 110 (1981); *DeCroo* v. *DeCroo, supra.* In view of the clear language contained in Act 278, we have no difficulty in deciding that in custody actions the Arkansas General Assembly fully intended to abolish any legal preference given a parent when that preference is based on gender.

In some jurisdictions, states have passed statutes containing provisions regarding comparative rights of parents in custody cases but these respective states' courts have held that, other things being equal, the young children are normally better served by placing them in their mother's custody. *Ryg* v. *Kerkow,* 296 Minn. 265, 207 N.W. 2d 701 (1973).[2] For other citations, see also, 70 A.L.R. 3d, Child Custody — Maternal Preference, § 13 (a). In many other jurisdictions, states, like Arkansas, have enacted statutes which leave no doubt that neither a mother nor father should be denominated the custodian of the parties' child because of the application of a common law presumption or Tender Years Doctrine based on the parent's gender. *Turoff* v. *Turoff,* 56 Haw. 51, 527 P. 2d 1275 (1974); *Smith* v. *Smith,* 172 Colo. 516, 474 P. 2d 619 (1970); *Folsom* v. *Folsom,* 228 Ga. 536, 186 S.E. 2d 752 (1972); *Arnold* v. *Arnold,* 95 N.W. 951, 604 P. 2d 109 (1979); *In re Marriage of Carney,* 24 Cal. 3d 725, 598 P. 2d 36 (1979); and *Lawson* v. *Lawson,* 396 So. 2d 387 (La. App. 1981). See 70 A.L.R. 3d, Child Custody — Maternal Preference, § 13 (b) and (c).

Actually, Act 278 of 1979 leaves unchanged our broad best interests of the child test which has been long applied by our courts when awarding custody of minor children. The General Assembly merely mandated that mother or father preferences based on gender will no longer be accepted. The father, as was the case prior to 1920, no longer is the preferred parent of the parties' children to the exclusion of the mother. Likewise, a mother, as has been true especially since 1920, is no longer presumed to be the

---

[2]The statute involved in *Ryg* v. *Kerkow* has subsequently been amended in 1979.

best parent merely because she is female. Each case must be considered on its own merits without outdated preferences, and custody must be awarded so as to achieve the best interests and welfare of the children involved.

In the instant case, the chancellor awarded equally divided custody. Of course, Act 278 does not compel such a division, but as we have already decided, we are unable to hold he was clearly erroneous under the circumstances and evidence presented in this case. We further hold that he was not obligated to apply the Tender Years Doctrine in this cause since we believe the Doctrine was abolished by the General Assembly's enactment of Act 278.

Consistent with the foregoing reasons, we affirm the trial court's decision.

Affirmed.

MAYFIELD, C.J., and CRACRAFT, J., concur.

COOPER, J., dissents.

MELVIN MAYFIELD, Chief Judge, concurring. While I believe the decision appealed from should be affirmed, I do not think this case should be considered a precedent for any new rule of law.

In what I suppose is the majority opinion it is said Act 278 of 1979 mandates that child custody preference based on gender may no longer be made. The logical result of that view would seem to be that custody must be equally divided if everything else is equal. But I do not agree that is what Act 278 means and I do not agree that is what this case means.

Also, I do not think this case repeals the so-called "tender years doctrine." In the first place, I deny the existence of any "doctrine" or "rule" which grants custody of young children to the mother simply because she is the mother. I think it is an expression which describes the fact stated in *DeCroo* v. *DeCroo*, 266 Ark. 275, 583 S.W. 2d 80 (1979), that "it is often in the best interest of the children,

especially when they are very young, that they be awarded to the mother." And this is exactly what Act 278 says should be done — "the award of custody of the children of the marriage shall be made . . . solely in accordance with the welfare and the best interest of the children."

So, if the welfare and best interest of the children require that their custody be awarded to the mother, I hope the chancellors of the state will not think this case or Act 278 stands in the way of doing what is best for the children.

I also hope any argument about "outdated preferences" will not keep chancellors from finding that it is in the best interest of young children to be placed in the custody of their mother.

And I hope any idea that "the tender years doctrine" has been repealed will not cause chancellors to think they must divide the custody of children in order to avoid the claim that there was a preference based on gender.

GEORGE K. CRACRAFT, Judge, concurring. Although I cannot agree with all of the reasons for affirmance set forth in the majority opinion and find my own views more akin to those expressed by Judge Cooper in his dissenting opinion, I am compelled to concur in the result announced in the majority opinion.

While I find it difficult to visualize what factors the chancellor may have considered in determining that this transitory custodial arrangement would advance the child's best interest, I must concede that he was in a far superior position than we to properly assess those factors. He saw and heard the witnesses and had access to an impartial report prepared by the Department of Social Services. We have before us only a cold and expressionless written record. There is no type of case in which the personal observations made by the chancellor mean more or are entitled to more weight than in those involving the custody of a small child. *Wilson* v. *Wilson,* 228 Ark. 789, 310 S.W. 2d 500 (1958).

I am of the opinion that the proper rule to apply in such

cases is that stated in *Aaron* v. *Aaron,* 228 Ark. 27, 305 S.W. 2d 550 (1957), that divided custody of a minor child is not favored by the law of either man or nature and should never be ordered unless clearly warranted by the evidence. However, in view of the superior position of the chancellor in such matters, I am unwilling to say that his finding in this case was clearly unwarranted by the evidence and erroneous.

JAMES R. COOPER, Judge, dissenting. I respectfully disagree with the result reached by the majority in this case for two reasons. First, split custody of children between divorced parents has not been favored by our Courts. *Childers* v. *O'Neal,* 251 Ark. 1097, 476 S.W. 2d 799 (1972). Secondly, the evidence in this case is certainly sufficient to support a finding that it would be in the best interest of the child for custody to be placed with either parent as the trial court found both parents to be highly moral and fit persons. My problem with the result reached here and the result reached by the trial court is that I believe the trial court should have gone one step farther and addressed the issue of whether the split custody was actually in the best interest of the child. The fact that both parents may be equally qualified to raise the child does not necessarily result in a finding that the child's interest would be best served by living six months out of each year with each parent. The record includes a report from a doctor who had been treating the child in question during a period in which custody was divided equally on a weekly basis and that report indicated that such a custodial arrangement was believed by the doctor to be very harmful to the child. I find nothing in the record which indicates such a finding would not be equally true as to division on a six month basis. A report apparently was filed with the trial court by the social services department which the court referred to. The court indicated that the report "found there was no social reason that a divided custody of this minor child would be contrary to his best benefit and welfare, . . . ," but the report is not a part of this record, and we have no idea of the qualifications of the person who filed that report nor of the factors considered by the person making the report. Although the parties are certainly free to petition the court for a change in custody

108

and submit evidence as to the effect this divided custody has had on the child, I am of the opinion that such evidence should have been presented to the trial court prior to a decision splitting custody. For these reasons I respectfully dissent.