The Honorable William L. Walker, Jr. State Representative P.O. Box 1609 Little Rock, AR 72203
Dear Representative Walker:
This is in response to your request for an opinion on several questions involving certain rights of non-custodial parents. Your specific questions have been restated and answered in the order presented.
1. Can the non-custodial parent of a minor child legally obtain counseling or psychotherapy services for that child without the knowledge and permission of the custodial parent?
The divorce decree or other court order in which custody and other matters are addressed should, initially, be consulted in this regard. We are aware of no Arkansas cases or legislative enactments directly on point. However, the court could conceivably address this specific matter in the custody order.
The case of Provin v. Provin, 264 Ark. 551, 572 S.W.2d 853 (1978) should also be noted in this regard wherein the Arkansas Supreme Court considered an argument in favor of joint custody. The appellant claimed that he was entitled to an award of joint custody following the lower court's finding that both parents were "fit and proper persons to have custody." 264 Ark. at 553. The court rejected this argument. However, the following language may offer some guidance in responding to your question:
 Mr. Provin says that he desires a voice in `major' decisions affecting the children, and, under the circumstances of this case, we agree he is entitled to that consideration. Such matters as whether a child should have an operation, what doctor should perform the operation, where the child will attend college, etc., are major decisions and, in fact, Mrs. Provin testified that she would consult appellant with regard to such matters.
264 Ark. at 554.
It may be concluded, following a review of the reported decision, that the "circumstances" of the Provin case primarily involved the chancellor's finding that each of the parties was a "fit and proper person" to have custody. This case offers some indication that the Arkansas Supreme Court will, under the appropriate circumstances, grant the non-custodial parent's request for a voice in "major" decisions affecting the child including, arguably, the decision to obtain counseling or psychotherapy services. Of course, a conclusive determination cannot be made in the absence of specific judicial precedent. Yet a successful argument may be made, in light of the Provin language, that these services should not be obtained without the knowledge of the non-custodial parent.
It must be noted, however, that while Provin points to the non-custodial parent's right to be consulted with regard to "major" decisions, the court does not appear to suggest that the custodial parent must actually obtain the permission of the non-custodial parent before proceeding with such decisions.
2. In the case of joint custody both parents apply for counseling or psychotherapy services for their minor child or can one parent do so without the knowledge and permission of the other?
The Arkansas Supreme Court has stated that a decree awarding custody is "an adjudication that at the time of the rendition thereof, [the parent to whom custody was awarded] was the proper person to have care, custody and control of the infant." Myers v. Myers, 207 Ark. 169, 172, 179 S.W.2d 865 (1944). As noted by the court in Provin v. Provin, supra at 552, n. 1, both parents have equal responsibility for the child's care in a joint custody arrangement. While there appear to be no cases directly on point, it may be successfully contended that both parents must have an opportunity to participate in this type of decision. It may also be reasonably concluded that the level of required participation will be greater than that suggested on behalf of the non-custodial parent in Provin. However, we cannot state that the permission of both parents is actually required, in the absence of further guidance from the courts in this regard.
3. What legal rights does a non-custodial parent and/or the spouse of a non-custodial parent have with regard to access to clinical and financial information pertaining to counseling or psychotherapy services provided to a minor child at the request of a custodial parent?
A court may conclude that the right to be consulted and to have a "voice in `major' decisions," Provin, supra, reasonably includes obtaining access to clinical information that is available to the custodial parent. This would probably not include financial information, unless the welfare of the child was somehow involved. Nor are we aware of any authority supporting the access of a non-custodial parent's spouse to any such information.
It must be noted, however, that an exception may be found in Rule 503 of the Arkansas Rules of Evidence with respect to confidential communications ". . . made for the purpose of diagnosis or treatment of his physical, mental or emotional condition." Rule 503(b). The privilege to refuse to disclose confidential communications may be claimed by the patient, his guardian or conservator, or the physician or psychotherapist. Rule 503(c). The non-custodial parent may therefore be unsuccessful in his or her efforts to obtain disclosure of certain communications through court proceedings. Rule 503 does, however, also contain exceptions. See Rule 503(d)(2) regarding court-ordered examinations; Rule 503(d)(3) regarding condition of the patient as an element of a claim or defense.
4. Are the rights of a non-custodial parent and/or the spouse of a non-custodial parent regarding access to clinical and financial information pertaining to counseling or psychotherapy services provided to a minor child at the request of the custodial parent altered in any manner if the non-custodial parent has been determined by the court to be financially responsible for the cost of such counseling or psychotherapy?
We find no case law authority or legislative enactments suggesting that the non-custodial parent's access to such information may be impacted by that parent's financial responsibility for the cost of the services. However, these matters could be addressed by the court in orders establishing this responsibility.
The non-custodial parent would, it seems, have access to financial information if he or she were directly responsible for payment of these expenses. And the non-custodial parent may, reasonably, request some record or proof of these costs prior to reimbursing the custodial parent for the same.
While it becomes apparent that a conclusive answer to several of these questions cannot be provided in the absence of judicial precedent or legislative authority, we hope that the foregoing offers some general guidance in addressing these issues. The Attorney General is required under A.C.A. 25-16-706 to provide his opinion to the General Assembly on the constitutionality of any proposed bill. He is precluded, however, from engaging in the private practice of law. A.C.A. 25-16-701. Necessarily, therefore, this opinion is not provided for the benefit of private third parties, nor should it be relied upon or offered for that purpose.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
STEVE CLARK Attorney General