David Franklin BOWERS,
Plaintiff–Appellant and
Cross–Appellee,

v.

LOVELAND PUBLISHING COMPANY,
a Colorado corporation, d/b/a Love-
land Daily Reporter–Herald, Defen-
dant–Appellee and Cross–Appellant.

No. 86CA0902.

Colorado Court of Appeals,
Div. IV.

Nov. 25, 1988.

Rehearing Denied Jan. 5, 1989.

Certiorari Denied May 22, 1989.

Joseph P. Genchi, P.C., Joseph P. Genchi, Estes Park, for plaintiff-appellant and cross-appellee.

Cooper & Kelley, P.C., Thomas B. Kelley, Denver, for defendant-appellee and cross-appellant.

TURSI, Judge.

In this action for libel, plaintiff, David Franklin Bowers, appeals the directed verdict granted in favor of defendant, Loveland Publishing Company, d/b/a Loveland Daily Reporter–Herald. On cross-appeal, defendant seeks reversal of the trial court's refusal to order an award of costs. We affirm.

Plaintiff was arrested on a charge of criminal mischief stemming from eye-witness reports that he had vandalized a car. Details of his arrest appeared in the Loveland Daily Reporter–Herald. The news item relating plaintiff's arrest stated:

"7:01 p.m. David Franklin Bowers, 26, 181 Harrison Ave., was taken into custody Monday night after refusing to sign a summons in connection with alleged criminal mischief. Bowers, police said, caused $175 damage to the black canvas top and rear window of a vehicle parked in the 2600 block of Gilpin Drive."

The article was based on information contained in the police field report of the incident. The Loveland Police Department regularly released these reports to the media. In the report, the responding officer identified the crime charged as criminal mischief and listed damage of $175 to the black canvas top and rear window of a vehicle parked on the 2600 block of Gilpin. He also recorded in the report that "at approximately 10:00 p.m. on 1–16–84 ... [he attempted] to serve a summons to Mr. BOWERS for Criminal Mischief. Mr. BOWERS refused to sign the summons and was taken into custody and transported to the Loveland Police Department...."

Plaintiff sued the paper for defamation. He contended that the article was libelous because the phrase "police said" was false. In addition, Bowers maintained the phrase inaccurately conveyed to readers the concept that plaintiff was guilty of the vandalism. He further claimed that he was fired from his job and suffered humiliation as a direct result of the publicity engendered by the story.

Defendant moved for a directed verdict at the close of plaintiff's evidence. The trial court granted the motion, holding that plaintiff had failed to prove a prima facie case of libel per se.

## I

In determining whether a directed verdict was properly granted, an appellate court (like the trial court):

"must view the evidence in the light most favorable to the party against whom the motion is directed.... A motion for directed verdict can only be granted where the evidence, when so considered, compels the conclusion that the minds of reasonable men could not be in disagreement and that no evidence, or legitimate inference arising therefrom, has been received or shown upon which a jury's verdict against the moving party could be sustained." *Nettrour v. J.C. Penney Co.*, 146 Colo. 150, 360 P.2d 964 (1961).

The commission of a crime, prosecutions resulting from it, and judicial proceedings arising from the prosecutions are without question events of legitimate concern to the public. *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 95 S.Ct. 1029, 43 L.Ed.2d 328 (1975). Consequently, police reports themselves are matters of public concern. Therefore, news items which relay the contents of such reports deserve constitutional protection unless they are published with actual malice. *Burns v. McGraw–Hill Broadcasting Co.*, 659 P.2d 1351 (Colo.1983).

■ Actual malice exists when statements are published with knowledge that they are false or with a reckless disregard of whether they are false. *Fink v. Com-*

*bined Communications Corp.*, 679 P.2d 1108 (Colo.App.1984). "To establish reckless disregard a plaintiff must produce clear and convincing evidence demonstrating that defendant, in fact, entertained serious doubts as to the truth of his publication." *Reddick v. Craig*, 719 P.2d 340 (Colo.App.1985).

■ We agree with the trial court that plaintiff failed to prove by clear and convincing evidence that the substance or gist of the entire news item was false despite plaintiff's allegations to that effect asserted in his complaint. *See Lane v. Arkansas Valley Publishing Co.*, 675 P.2d 747 (Colo. App.1983).

Although the phrase "police said" was not the most precise choice of words, the trial court correctly identified its use in the story as a matter of semantics, not proof that defendant doubted the truth of its publication. Moreover, testimony from both the reporter and the responding officer indicated that they read the report as saying the incident has occurred. Thus, the reporter's use of the words "police said" in the news item did not alter the meaning conveyed in the police report.

## II

■ On cross-appeal, defendant contends that the trial court erred in refusing to order an award of costs. We disagree.

Section 13–16–105, C.R.S. (1987 Repl. Vol. 6A) requires that a prevailing defendant have judgment to recover his costs against the plaintiff. However, a trial court retains discretion to decide which costs are to be included in an assessment, even when the assessment is required by statute. *Gilmore v. Rubeck*, 708 P.2d 486 (Colo.App.1985). A judgment silent as to costs constitutes a direction by the court that no costs be allowed. *Wesson v. Johnson*, 622 P.2d 104 (Colo.App.1980).

Defendant's only request for costs contained in the record on appeal concerns certain expenses that were incurred in the taking of depositions. While costs associated with the taking of depositions for the perpetuation of testimony are allowable,

the trial court retains discretion over whether they are to be awarded. *See* § 13–16–122, C.R.S. (1987 Repl.Vol. 6A) and *Shultz v. Linden–Alimak, Inc.,* 734 P.2d 146 (Colo.App.1986). Therefore, because the record reveals no abuse of the trial court's discretion, we uphold the trial court's refusal to enter an order awarding costs. *See Smith v. Smith,* 172 Colo. 516, 474 P.2d 619 (1970).

JUDGMENT AFFIRMED.

METZGER and FISCHBACH, JJ., concur.