The Honorable Wayne Dowd State Senator P.O. Box 2631 Texarkana, Arkansas 75502
Dear Senator Dowd:
This opinion is being issued in response to your recent question regarding residency for school attendance purposes in a joint custody situation.
You describe a scenario in which certain divorced parents have joint custody of their children. The children spend six months with each parent. School is in session during five of the months spent with the mother; school is in session during four of the months spent with the father. The mother lives in the school district where the family lived and where the children attended school prior to the divorce. The children have continued to attend school in that district, but apparently the district has now informed the family that the children cannot attend school there during the months when they live with their father. Both parents would prefer that the children attend school in that district for the entire school year.
In light of that scenario, you have presented the following question:
 In which school district should children attend school in a joint custody situation where they spend part of the year in one district, and the other part of the year in another?
It is my opinion that under the plain language of A.C.A. § 6-18-202, children in a joint custody situation have a choice of attending school for the entire school year in either of the two school districts where each of their parents reside.
A.C.A. § 6-18-202 states:
 The public schools of any school district in this state shall be open and free through completion of the secondary program to all persons in this state between the ages of five (5) and twenty-one (21) years whose parents, legal guardians, or other persons having lawful control of the person under an order of a court reside within the school district. . . .
A.C.A. § 6-18-202(a).
This provision indicates unequivocally that persons between the ages of five and twenty-one may attend school in any district where they have parents residing. The residency requirement is based upon the residence of the parents,[1] not that of the children.[2]
Because the children in the scenario that you presented have parents residing in two different school districts, I must conclude that the schools of both districts are "open and free" to those children as long as the parents reside in those districts. The children's change in location for part of the year has no bearing on the residency requirement.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] The residency requirement can also be based upon the residence of the children's legal guardians or upon the residence of other persons having lawful control of the children. See Horton v. Marshall PublicSchools, 769 F.2d 1323 (8th Cir. 1985). For further discussion of this issue, see footnote 2, below.
[2] The phrase "or other persons having lawful control of the person" might give rise to an argument that the parent with whom the children are currently residing is the one who has "lawful control" of the children, and that it is only that person's residence which controls where the children may attend school. This argument is refuted by two factors. First, the concept of "joint custody" contemplates that the two parents have equal control and responsibility over the children at all times, even though the physical location, or "companionship," of the children may shift from one parent to the other. See Provin v. Provin,264 Ark. 551, 572 S.W.2d 853 (1978), note 1. Second, the list of persons whose residence determines the district in which the children must attend school makes use of the conjunction "or," thus meaning that the school district of attendance is determined by anyone in any of the categories in the list. That is, the district of attendance is determined either by the residence of the parents, or the residence of the legal guardians,or the residence of other persons having lawful control of the children. Therefore, even if the joint custody arrangement did not contemplate both parents having lawful control of the children at all times, this fact would have no bearing on where the children could attend school, given that one of the residency options is simply the residence of the "parents," whether or not such parents have lawful control of the children.