MARY VIRGINIA TUROFF, nka MARY VIRGINIA BAKER, Plaintiff, Cross-Defendant-Appellant, *v.* CHRISTOPHER G. TUROFF, Defendant, Cross-Plaintiff-Appellee

NO. 5429

OCTOBER 25. 1974

RICHARDSON. C.J.. KOBAYASHI. OGATA AND MENOR. JJ.. AND CIRCUIT JUDGE FONG ASSIGNED BY REASON OF VACANCY

*Per Curiam.* This is an appeal from the Decision and Order of the Family Court denying appellant's request for an award of custody of the minor child of the parties, which award was heretofore granted to appellee. We affirm.

On April 27, 1971, Mary Virginia Turoff, now Mary Virginia Baker (appellant), filed a complaint for divorce. In the ensuing proceedings Circuit Judge Betty M. Vitousek, Judge of the Family Court of the first circuit, in a Decision and Order dated January 31, 1972 (initial Decision and Order), granted custody of the minor daughter, the only child of the parties to the proceedings, to the father (appellee), a lieuten-

ant colonel in the United States Air Force. The child was then four years of age.

Both parties remarried soon after their divorce.

On the appeal by appellant from the initial Decision and Order this court, by a memorandum opinion, affirmed it.

Subsequently, on orders to show cause filed by both parties wherein the appellant, *inter alia*, sought change of award of custody of the minor daughter from appellee to appellant, Circuit Judge Vitousek again ruled in favor of the appellee and refused to change the award of custody of the child from appellee to appellant.

Appellant's present appeal is from the Decision and Order dated February 6, 1973 (second Decision and Order).

In the initial Decision and Order of the Family Court the court made the following pertinent statements:

> Hearings continued over a period of six months, with both parties being present in court in at least ten hearings. Extensive testimony was received over the six-month period from three psychiatrists, hotel clerks, the prior wife of defendant, prior wives and paramours of plaintiff's [appellant's] present husband, a detective, nursery school and babysitting service operators, baby-sitters, and . . . children of the parties by their prior marriages, a court social worker, a friend and former pastor of plaintiff's present husband, employees of said present husband . . . , as well as from the parties.
>
> . . . .
>
> In granting custody of the child to the father, the Court does not wish to raise the inference that the mother herself is an unfit parent. . . . [T]he Court believes that she has been a sincerely concerned parent. But the statute states that the parents are equally entitled to their child's custody, (HRS 571-46) . . . . The Court's sole consideration is to be the child's best interest . . . .
>
> . . . .
>
> It is the Court's considered opinion that the child has the greater chance for security and stability, and an equal chance for concerned and loving care, in her

father's home. . . .

. . . .

In reaching the decision to award custody to the father, the Court considered the possible effect of the absence of a strong mother figure in the father's home. . . .

In the second Decision and Order the Family Court made the following relevant statements:

Again the testimony was conflicting as to the adjustment of the child, now five years old, her physical and emotional well-being, and her I.Q. The expert testimony suggested different standards of concern on which the Court should base its determination of the award of custody.

Counsel for the mother stressed that the change of circumstances, namely the father's [appellee's] transfer away from Hawaii, necessitates a complete re-evaluation of custody, and that the only consideration is what is in the child's best interest at the present time. With this the Court concurs. With defendant's [appellee's] counsel, the Court agrees that all testimony before the Court in the prior series of hearings is essential to the present determination as well as the facts presented during this past week. When the first decision was made in January of 1972, the Court was aware that the father would be transferred in approximately a year, and that factor was weighed in the original determination of custody. In that sense the present situation is not a change of circumstances. The Court now finds that the child is receiving good and loving care in the custody of her father and stepmother, that her best interests would not be facilitated by the transfer of her custody, and it is therefore the decision of the Court that defendant shall retain the legal custody of the child with authority to remove the child from Hawaii.

. . . .

In awarding custody to the father, the Court cannot respond adequately to the mother's concern . . . .

Whether being raised as an only child will be disadvantageous to Stephanie [the minor child] is conjectural.

. . .

. . . .

The testimony in the present hearing was not responsive to all the concerns expressed by the Court in the first decision. There was no objective evidence presented in these further hearings which would lead the Court to find that the father is less capable now than he was a year ago to care adequately for the child and to provide security and stability in her life. . . .

. . . .

Whatever strength there was in the father's situation in January of 1972 when he was awarded custody has been increased by his marriage to his present wife. . . . The Court now relies considerably on the stepmother's influence and her concern for the care of Stephanie in continuing custody in the father. . . .

The appellant seeks a reversal of the Family Court's second Decision and Order mainly on the following grounds:

1. That the Family Court has never found appellant to be an unfit mother;

2. That the Family Court did not consider in the initial Decision and Order the ill-effects on the minor child resulting from appellee's change of military assignments and thus there is a material change since the initial Decision and Order which requires a modification or change of an award of the custody of the minor child to appellant;

3. That the minor daughter needs the natural mother for proper stability, growth and sense of love and security;

4. That the case law supports appellant's request of award of the custody of the minor daughter.

The relevant statute provides the following:

HRS § 571-46 *Criteria and procedure in awarding custody*. . . . In awarding the custody, the court is to be guided by the following standards, considerations and procedures:

(1) Custody should be awarded to either parent ac-

cording to the best interests of the child.

. . . .

(6) Any custody award shall be subject to modification or change whenever the best interests of the child require or justify the modification or change and wherever practicable, the same person who made the original order shall hear the motion or petition for modification of the prior award.

. . . .

We are of the opinion that under the relevant statute, HRS § 571-46(1), each parent has an equal right to an award of custody of the minor child. That is, the law in this jurisdiction takes a neutral stance and thus, neither parent has any preferred status to an award of custody. Generally, the critical question to be resolved is whether or not the "best interest of the child" has been served when a parent is awarded the custody of the child. In this resolution the Family Court is best able to weigh the evidence, whether conflicting or not, and to determine the credibility of each witness. The Family Court has considerable discretion in requiring investigations and reports concerning the care, welfare, and custody of any minor child of the parties.[1] HRS § 571-46(5) further provides:

(5) The court may hear the testimony of any person or expert produced by any party or upon the court's own motion, whose skill, insight, knowledge, or experience is such that his testimony is relevant to a just and reasonable determination of what is to the best physical, mental, moral, and spiritual well-being of the child whose custody is at issue.

In the instant case the question is whether substantial

---

[1] HRS § 571-46(4) reads:

(4) Whenever good cause appears therefor, the court may require an investigation and report concerning the care, welfare, and custody of any minor child of the parties. When so directed by the court, investigators or professional personnel attached to or assisting the court shall make investigations and reports which shall be made available to all interested parties and counsel before hearing, and such reports may be received in evidence if no objection is made and, if objection is made, may be received in evidence provided the person or persons responsible for the report are available for cross-examination as to any matter which has been investigated.

change has occurred since the initial Decision and Order requiring modification or change in the award of custody of the minor child.

The Family Court herein, to the extent possible, exercised its powers to adduce the available evidence and thereafter reached its current decision. We will not set aside the findings of fact of the Family Court unless we are left with a definite and firm conviction that a mistake has been committed by the Family Court.

A study of both of the Decision and Orders in juxtaposition, and a review of the record compel this court to conclude that the Honorable Betty M. Vitousek has, in a thorough and meticulous manner, made the proper factual determinations and reached the correct legal conclusions.

*Helen B. Ryan (Ryan & Ryan* of counsel) for plaintiff, cross-defendant-appellant.

*Robert A. Franklin* for defendant, cross-plaintiff-appellee.