ELOISE MITSUKO FUJIKANE, Plaintiff-Appellee *v.* KENNETH KIYOSHI FUJIKANE, Defendant-Appellant

NO. 6025

DECEMBER 17, 1979

RICHARDSON, C.J., OGATA AND MENOR, JJ.*

---

*Justices Kobayashi and Kidwell, who heard oral argument in this case, retired from the court on December 29, 1978, and February 28, 1979, respectively. HRS § 602-11 (1978 Supp.) provides: "After oral argument of a case, if a vacancy arises or if for any other reason a justice is unable to continue on the case, the case may be decided or disposed of upon the concurrence of any three members of the court without filling the vacancy or the place of such justice."

*Per Curiam*. The defendant-appellant appeals the denial of his motion for a change of custody by the court below.

On August 24, 1973, the Second Circuit Court granted a decree of divorce to the plaintiff-appellee, Eloise Mitsuko Fujikane, from the defendant-appellant, Kenneth Kiyoshi Fujikane. The court awarded custody of the couple's two minor children to the appellee.[1] The appellee and the children lived on Maui with her mother and stepfather until September 21, 1974. At that time she and the children began living with Dick Saranillio, appellee's boyfriend, in Kahului, Maui. After several months of living together, the appellee and Mr. Saranillio were married on February 14, 1975.

Soon after the appellee obtained custody of the children,[2] the appellant began to telephone the children three to four times a week from Honolulu, at home and sometimes at school. Both the frequency and timing of the calls irritated the appellee. Due to hostility between the former spouses, the appellee also was not cooperative in arranging the children's visits with the appellant. When she and the children moved in September, 1974, they neglected to inform the appellant of their new address and telephone number for several weeks. Appellee also refused to let both children visit the appellant for Christmas in 1974. While Candace was allowed to visit her father, the appellee refused to let Shelley go due to her young age and a recurring allergy condition. There were also occa-

---

[1] The children are Candace Lei, born March 24, 1967, and Shelley Anne, born April 18, 1971.

[2] The appellant had temporary custody of the children at the time of the divorce proceedings. The court ordered him to surrender that custody on August 29, 1973. However, the appellant did not return the children to the appellee until the following Thanksgiving. During that three month period, the appellant did not notify the appellee of where he and the children were nor when the children would be returned.

sional visitation scheduling conflicts between appellant and appellee during this time period.

By a motion filed on January 9, 1975, the appellant requested a change of custody from his former wife to him. He alleged that her hostility towards him made visitation extremely difficult, that she and Mr. Saranillio were living together in an unmarried state, and that therefore the best interests of the children required a change of custody. The court below, after a hearing and a child custody investigation and report, denied his motion on June 18, 1975. We affirm that denial.

The applicable statute, HRS § 571-46 (1976), states, in pertinent part:

§ 571-46 Criteria and procedure in awarding custody. In actions for divorce, separation, annulment, separate maintenance, or any other proceeding where there is at issue a dispute as to the custody of a minor child, the court may, during the pendency of the action, at the final hearing or any time during the minority of the child, make such order for the custody of the minor child as may seem necessary or proper. In awarding the custody, the court is to be guided by the following standards, considerations and procedures:

(1) Custody should be awarded to either parent according to the best interests of the child.

\*   \*   \*   \*   \*

(6) Any custody award shall be subject to modification or change whenever the best interests of the child require or justify the modification or change . . . .

In both the original custody determination and any subsequent motion for a change, each parent has an equal right to custody. Neither parent has a preferred status. *Turoff v. Turoff*, 56 Haw. 51, 54-55, 527 P.2d 1275, 1277-78 (1974). The critical question to be resolved in any custody proceeding is what action will be in the best interests of the child. *Turoff v. Turoff, supra* at 55, 527 P.2d at 1278; *Crow v. Crow*, 49 Haw.

258, 261, 414 P.2d 82, 85 (1966); *Yee v. Yee,* 48 Haw. 439, 441, 404 P.2d 370, 372 (1965).

The court below, after ordering a child custody investigation and conducting a hearing, found that the appellee's occasional lack of cooperation regarding visitation was not a sufficient reason to change the custody of the children to the appellant. The children were happy, well cared for, and well adjusted to their environment on Maui. Any change in custody therefore would not have been in their best interests.

It is clear that the court below possesses wide discretion in making custody decisions, and unless there has been a manifest abuse of that discretion, its decision will not be set aside. *Turoff v. Turoff, supra* at 55, 527 P.2d at 1278; *Crow v. Crow, supra* at 264-65, 414 P.2d at 86; *Yee v. Yee, supra* at 442, 404 P.2d at 372. In this case, the court below ordered a child custody investigation and report, held two days of hearings on the motion to change custody, and issued a written decision stating its reasons for denying the motion. We find no abuse of discretion here.

Affirmed.

*Kazuo Oyama* for defendant-appellant.

*Ernest Y. Yamane* for plaintiff-appellee.