DIANE MYUNG SUN KIM, Plaintiff, Cross-Defendant, Appellee, *v.* ALBERT SOO MYUNG KIM, Defendant, Cross-Plaintiff, Appellant

NO. 6693

OCTOBER 22, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY BURNS, J.

Defendant-Appellant (Husband) appeals from the various decrees which the lower court entered in this divorce case. Husband cites two primary issues for decision in this case:

1. Did the lower court abuse its discretion in awarding plaintiff-appellee (wife) her interest in Husband's federal civil service retirement in the form of a single lump sum payment rather than as percentage of each monthly payment payable as and when received?

2. Is the lower court's decision with respect to division of the property just and equitable as required by Hawaii Revised Statutes (HRS) § 580-47?

Husband began his federal civil service employment in August 1938. A son was born to the parties in June 1953. Between August 1954 and September 1956, Husband was not

a civil service employee. The parties married in September 1954 and a daughter was born in July 1955. At some point prior to 1965, Husband adopted a female child born to Wife prior to her relationship with Husband. In 1965 Wife moved with the three children to Hawaii. Husband remained in Korea until his retirement from his civil service employment on March 31, 1971. At the time of the court's Second Supplemental Decision and Order, Husband was approximately 68 years of age and Wife was approximately 50 years of age.

Wife filed her Complaint for Divorce in this case on January 14, 1971. The lower court issued a decision[1] on January 7, 1972 which resulted in the February 25, 1972 filing of a Decree Granting Absolute Divorce and Awarding Child Custody. The decree reserved for future decision various issues in the case, including the division of property issue.

The lower court filed a Supplemental Decision and Order on September 26, 1975. Wife and Husband filed motions for reconsideration. The lower court reconsidered and on May 27, 1977 filed its Second Supplemental Decision and Order. Husband appeals from these two orders.

The dispute between the parties involved the parties' two major assets:

    1. Husband's civil service retirement based on 30 years service, 15 of which were during the marriage. At the time of trial, Husband was being paid a gross of $825.00 per month. His entitlement to these payments terminates upon his death. The court determined the actuarial value of this asset at the time of trial in August 1975 to be $92,583.00.

    2. A jointly owned two-story, five-unit apartment building. The court determined gross market value of this asset as of October 20, 1971 to be $94,500.00.

---

[1] Husband appealed this decision but not the resulting decree. Even if the decision is otherwise appealable, the appeal as to it is untimely. *See* Hawaii Rules of Civil Procedure, rule 73(a), which governed appeals from the family court prior to February 15, 1977, the effective date of the Hawaii Family Court Rules. *See Cleveland v. Cleveland,* 57 Haw. 519, 559 P.2d 744 (1977), *Tavares v. Tavares,* 58 Haw. 541, 574 P.2d 125 (1978).

The lower court's ultimate order with respect to these two major assets was:

REAL ESTATE:
If Plaintiff can secure a loan or can mortgage the apartment property in an amount sufficient to pay off (1) the balance not otherwise paid to the Lees through the parties' savings bonds, and (2) the amount owed to the State on back taxes not otherwise satisfied through the trust account Mr. Lim holds, and (3) Defendant's interest in the property as hereafter computed, she may purchase Defendant's share in the apartments at 737 Paani Street and thereafter hold the same as her sole and separate property. If she is unable or unwilling to secure a loan of the amount hereafter indicated, then the property shall be sold and after payment of certain obligations as hereafter set forth, the net proceeds of sale shall be divided between the parties as hereinafter directed.

If the property is sold, after payment of any balance remaining on the present mortgage (which the court understands will be paid in full as of January 1976) and after payment of the costs of sale, proceeds thereafter remaining shall be distributed in the following manner:
The balance owed to the Lees shall be paid in full, the balance owed to the State for the arrearage on taxes shall be satisfied; of the remaining net sale proceeds, one-half shall be set aside for each party. From defendant's one-half share shall be taken and added to plaintiff's one-half, the sum of $20,000,[2] representing a portion of the value of plaintiff's interest in defendant's retirement benefits. [Footnote added.]

In the event that Plaintiff wishes to purchase Defendant's interest in the property, she shall secure an appraisal of the present value of the apartments. In the event

---

[2] Husband had been given a $3,146.00 credit against Wife's interest in his retirement to offset one-half (½) of the value of a diamond ring which Wife had given to her oldest daughter during the pendency of the action in violation of an applicable restraining order.

that Defendant disputes that appraised value, he may secure an independent appraisal. If the parties are still unable to agree as to the value of the apartment building, the Court will appoint an appraiser, and based on the Court's evaluation of the appraisals, will then determine the value of the property. From the appraised value the following sums shall be subtracted:

1. Costs of the appraisals.
2. The amount owed by the parties on State taxes.
3. The balance owed to the Lees.
4. An amount equal to 3 percent of the appraised value for Plaintiff's share of the costs of sale or the broker's commission were the property to be sold.

Of the remaining balance of the appraised value *of 1971*, each party shall for purposes of computation, be deemed to be entitled to one-half. From defendant's one-half, $20,000 shall be subtracted, and the remainder shall be the amount which plaintiff shall pay to defendant to compensate defendant for his interest in the Paani Street property. Plaintiff shall then be required to borrow or acquire sufficient funds to pay defendant the amount of his share in the property and an amount sufficient to pay the debts consisting of the remaining obligations to the Lees, to the State and to the appraisers. Upon plaintiff's payment of said debts including defendant's share, defendant shall convey to plaintiff all his right, title and interest in and to said property which plaintiff shall thereafter hold as her sole and separate property. [Emphasis added.]

RETIREMENT BENEFITS:
Defendant shall retain as his sole and separate property his interest in his U.S. Civil Service retirement pension benefits subject to Plaintiff's credit in one-half of 50 percent of said benefits which share Plaintiff shall realize through her interest in the Paani Street apartments.

The quoted language is from the lower court's September 26, 1975 Supplemental Decision and Order as amended by its May 27, 1977 Second Supplemental Decision and Order. The

order as amended contains an inconsistency which must be resolved before we can deal with the merits of this appeal. If Wife wishes to purchase the property, as of what date must the property be appraised — 1971, 1975 or the time of the purchase? Our reading of the lower court's decree as amended is that in the event the Wife wishes to purchase Husband's interest in the property it shall be appraised as of the time of her purchase; and that the phrase "of 1971" was inserted by mistake. We exercise the authority granted in Hawaii Family Court Rules, rule 75(d), to correct this material misstatement in the record, and we delete the words "of 1971" from the lower court's decree as amended. On the basis of the corrected version, we consider the issues in this case.

I.

A. May the family court in a divorce case ever award one spouse his or her interest in the other spouse's retirement rights in the form of a single lump sum payment rather than a percentage of each monthly payment payable as and when received? The answer is yes. Following our supreme court's lead in *Richards v. Richards*, 44 Haw. 491, 355 P.2d 188 (1960), we rule that HRS § 580-47 empowers the family court in a divorce case to make a cash award in lieu of division of property in kind where a spouse establishes a meritorious claim to an interest in the property but specific division is inappropriate or impractical considering the particular circumstances involved. The result, however, must be just and equitable.

B. Was it just and equitable for the family court in this case to award Wife her share in Husband's retirement rights in the form of a single lump sum payment rather than a percentage of each monthly payment? Again the answer is yes. The retirement was valued at $92,583.00. The lower court decided that Wife was entitled to one-fourth (¼) or $23,146.00. After giving Husband a $3,146.00 credit, the court determined that Wife was entitled to $20,000.00. The only other major asset owned by the parties was the jointly

owned two-story, five-unit apartment valued at $94,500.00 as of October 20, 1971. In her position paper, Wife requested that she be awarded the apartment and that Husband be awarded his retirement. The court decided to give Wife the opportunity to purchase Husband's interest in the apartment building and facilitated that decision by giving her credit for her interest in his retirement. The court further decided that if the Wife elected not to purchase the apartment building, then it would be sold and the net proceeds would be divided half-half but Husband would pay Wife $23,146.00 to buy out her interest in his retirement. In view of the circumstances of this case, we think that the lower court's decision concerning Husband's retirement is appropriate, practical, just and equitable.

## II.

Is the lower court's division and distribution of the estate of the parties just and equitable? In deciding that issue we do not sit as a second or superior trial court. We sit as a reviewing court. As in all cases, we conduct our analysis within the boundaries of a standard of review. Here, that standard is: The decision of a family court judge in a domestic relations case will not be set aside unless there has been a manifest abuse of the judge's wide discretion in such matters. *Fujikane v. Fujikane*, 61 Haw. 352, 604 P.2d 43 (1979), *Au-Hoy v. Au-Hoy*, 60 Haw. 354, 590 P.2d 80 (1979).

In this case the trial court equally divided the assets of the parties and ordered the parties to pay their own costs and attorneys' fees. In reviewing the record, we find no basis upon which Husband can equitably claim entitlement to more than one-half (½) of the assets of the parties, and we therefore find no manifest abuse of the lower court's wide discretion in this matter.

Husband has cited other issues in this case but we find them without merit.

Affirmed.

*Kenneth E. Enright* (with him on the brief *Kwan Hi Lim)* for defendant, cross-plaintiff, appellant.

294

*Kenneth G. K. Hoo* (with him on the brief *Hiram L. Fong, Jr.; Fong, Miho & Robinson* of counsel) for plaintiff, cross-defendant, appellee.