In the Matter of the Guardianship of the Person of JOHN DOE, a Minor

NO. 13759

(FC-G NO. 88-0009)

February 2, 1990

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C.J.

Petitioners, the paternal grandmother (PGM) and the paternal stepgrandfather (PSGF) of John Doe (Child), appeal the family court's March 17, 1989 Order Granting Temporary Guardianship (March 17, 1989 Order). Notwithstanding its title, the March 17, 1989 Order completed the adjudication of the guardianship proceeding and, therefore, is an appealable final order. We vacate the March 17, 1989 Order and remand for further proceedings consistent with this opinion.

The chronology of relevant events is as follows:

| Date | Event |
|------|-------|
| May 26, 1986 | Child's father (Father) and mother (Mother) (collectively, "Parents") were married in California. |
| December 16, 1986 | Child was born in California. |
| December 31, 1987 | According to Father, because they were having financial and marital problems, Parents gave temporary physical custody of Child to PGM and PSGF, who live in the County of Kauai, but who were then visiting in California. |
| January 3, 1988 | PGM and PSGF returned to Kauai with Child. |
| Post-January 3, 1988 - Pre-November 16, 1988 | Father moved to Kauai. |
| November 16, 1988 | PGM and PSGF filed, in Kauai, a Petition for Appointment of Guardians of the Person of Minor (November 16, 1988 Petition), FC-G 88-0009, seeking their appointment as guardians of Child's person, alleging that "[s]uch appointment is necessary because [Child's] parents are unable to care for or support the child, and they have given physical custody of [Child] to [PGM and PSGF]." Record at 2. |
| December 8, 1988 | Father and Child's paternal grandfather filed consents to the November 16, 1988 Petition and waivers of further notice. |
| December 12, 1988 | PGM, PSGF, and Parents stipulated to order (December 12, 1988 Stipulated Order). It states in relevant part: |
| | 1. An investigation and report shall be made by the staff of the Family Court of the Fifth Circuit, and the |

| Date | Event |
|---|---|
| | corresponding agency in the State of California where [Mother] resides. |
| | 2. [PGM and PSGF] shall have temporary physical custody of [Child] pending completion of the aforesaid study and until further order of this Court. |
| | * * * |
| | 4. None of the parties shall remove the [Child] from the County of Kauai, until further order of this Court. |
| | Record at 18. |
| December 13, 1988 | In California, Mother filed a petition for divorce from Father. |
| January 30, 1989 | January 18, 1989 California social study of Mother was filed. |
| January 31, 1989 | Father filed UCCJ (Uniform Child Custody Jurisdiction) 89-0001 in Kauai. |
| February 7, 1989 | Daryl Y. Dobashi was appointed as Child's Guardian Ad Litem. |
| March 16, 1989 | Supplemental California social study of Mother was filed. |
| March 17, 1989 | The family court entered an "Order Granting Temporary Guardianship". It states in relevant part: |
| | The primary concern of this Court is the best interest of [Child]. The Court also believes that the main objective herein should be to build and maintain a safe environment for the [C]hild, and to return |

**Date**                           **Event**

the [Child] to his natural parents or parent as soon as feasible.

*    *    *

The Court finds that [PGM and PSGF], who are the paternal grandmother and her husband, respectively, are fit and proper persons to be guardians, and that [Child], has resided with [PGM and PSGF] since January 1, 1988 in a stable and wholesome home. The Court, however, makes no finding as to the circumstances of [PGM and PSGF's] obtaining physical custody of [Child] from the [Parents], those factual circumstances being disputed by the parties.

This Court therefore defers to the jurisdiction of the Superior Court, Ventura County, State of California, where [Mother] has filed a divorce action, to determine:

1. The circumstances of [PGM and PSGF's] obtaining physical custody of the [Child];

2. The fitness of [Mother] as a proposed custodial parent;

3. The determination of permanent or temporary custody of the [Child].

*    *    *

IT IS THEREFORE HEREBY ORDERED that the Petition for Appointment of Guardians is granted insofar as the [PGM and PSGF] are

**Date**                                **Event**

hereby appointed temporary guard-
ians of [Child], until such time as the
California Superior Court resolves
the issue of temporary or permanent
custody of the [Child] in the divorce
action pending in that State.

\*     \*     \* .

If necessary, Child Psychologist Di-
anne Girard shall examine the
[Child] to make recommendations as
to how this Court may order the re-
turn or transfer of the minor child to
the natural parent(s) with the least
negative effects on the [Child.]

Record at 89-92.

April 5, 1989               PGM and PSGF filed a notice of appeal.

April 17, 1989           Father withdrew his December 8, 1988
waiver and consent.

October 30, 1989       According to Mother, the California di-
vorce decree was entered.

February 26, 1990     According to Father, the custody issue
in the California divorce case is set for
hearing on this date.

In this appeal, PGM and PSGF contend that the family court
erred when it failed to grant their November 16, 1988 Petition. We
conclude that the family court erred when it (1) appointed PGM
and PSGF as temporary guardians for more than ninety days;
(2) failed to decide whether the November 16, 1988 Petition was a
petition for guardianship of the person or a petition for an award
of Child's legal and physical custody or both; and (3) declined to
decide the merits of the November 16, 1988 Petition.

I.

When the family court refused to assume jurisdiction over the
major issues raised in the November 16, 1988 Petition and de-

ferred to the California court's jurisdiction in the California divorce case involving only Parents as parties, it effectively denied PGM and PSGF's November 16, 1988 Petition. Therefore, notwithstanding its misleading title, the March 17, 1989 Order is an appealable final order. *See Gomes v. Heirs of Kauwe*, 52 Haw. 126, 472 P.2d 119 (1970).

## II.

Hawaii Revised Statutes (HRS) § 560:5-207(c) (1985) states: "If necessary, the family court may appoint a temporary guardian of the person, with the status of an ordinary guardian of the person of a minor, but the authority of such temporary guardian shall not last longer than ninety days."

Consequently, we *sua sponte* conclude that the March 17, 1989 appointment of PGM and PSGF as temporary guardians terminated on the ninety-first day thereafter.

## III.

Upon a review of HRS chapters 571 (Family Courts), 577 (Children), 580 (Annulment, Divorce, Separation), 583 (Uniform Child Custody Jurisdiction Act), and 587 (Child Protective Act), we conclude that HRS chapter 560:5 (Protection of Persons Under Disability and Their Property) does not govern child custody disputes. However, nothing in the law precludes a petition for the award of legal and physical custody of a child or the award of physical custody and guardianship of the child's person.

The record reveals that PGM and PSGF desired to be awarded Child's legal and physical custody. That being so, the November 16, 1988 Petition should have been expressly based on HRS §§ 571-11(3), -46 (Supp. 1989). The material facts alleged in support of the November 16, 1988 Petition are PGM's and PSGF's physical custody of Child with the consent of Parents and Parents' inability to care for or support Child. In other words, PGM and PSGF implicitly concede that if they are not entitled to Child's physical custody they are not entitled to guardianship of Child's person.

HRS § 577-3 (1985) states, in relevant part, that "[t]he father *and mother of an unmarried minor child are jointly the natural*

guardians of the child's person and property." HRS § 577-7(a) (1985) states, in relevant part, that "[p]arents or, in case they are both deceased, guardians, legally appointed, . . . shall have the right, at all times, to recover the physical custody of their children by habeas corpus".

On the subject of child custody, we recently stated that "HRS § 571-46(1) accords priority to the child's parents. HRS Chapter 587 accords priority to the child's family as defined in HRS § 587-2[.]" *In the Interest of Jane Doe, born on June 4, 1987,* \_\_\_\_ Haw. App. \_\_\_\_, slip op. at 10 (No. 13507, December 18, 1989). In other words, in a contest between the mother and the paternal grandmother for a child's custody, the mother must prevail absent a valid finding that she is not a fit and proper person or has a home that is not stable and wholesome.

In the absence of a valid court order to the contrary, Father and Mother are equally entitled to Child's custody. *See Fujikane v. Fujikane.* 61 Haw. 352, 604 P.2d 43 (1979). Consequently, if Father and/or Mother requests the physical custody of Child from PGM and PSGF, the request must be granted unless PGM and PSGF, desiring to continue physical custody, allege in good faith that both Father and Mother are not fit and proper persons and/or have homes that are not stable and wholesome.

## CONCLUSION

Accordingly, we vacate the March 17, 1989 Order Granting Temporary Guardianship and remand for further proceedings consistent with this opinion.

*Lawrence D. McCreery* on the briefs for paternal grandmother and paternal stepgrandfather of child, petitioners-appellants.

Mother of child, *pro se* appellee, on the brief.