**SHARON Y. MAEDA,** Plaintiff–Appellant, v. **GARY T. MAEDA,** Defendant–Appellee

NO. 14186

(FC–D NO. 87–120)

JULY 3, 1990

BURNS, C.J., HEEN, AND TANAKA, JJ.

## OPINION OF THE COURT BY BURNS, C.J.

Plaintiff Sharon Y. Maeda (Mother) appeals the family court's October 30, 1989 "Order on Orders to Show Cause for Relief After Order or Decree Regarding Change in Custody, Visitation and Support" (October 30, 1989 Order). We affirm.

### FACTS

Mother was born in Chicago, Illinois, and raised in California. Defendant Gary T. Maeda (Father) was born and raised in Hilo, Hawaii.

Mother and Father attended college in California. They were married in Anaheim, California, on June 17, 1972. In July 1982 they adopted their son (Son), born on January 1, 1982. They moved from California to Hilo in May 1985. Father finally separated from Mother in January 1987 in contemplation of a divorce. Son continued to reside with Mother. The May 11, 1987 Divorce Decree, which incorporated the parties' Agreement in Contemplation of Divorce, awarded joint legal custody, primary physical custody to Mother, and "liberal rights of visitation" to Father. In fact, Son was with Father on alternate weekends from Friday through Sunday and on Wednesdays from 5:00 p.m. to 8:30 p.m.

Husband remarried on August 22, 1987. His wife's son is six years old. Mother's boyfriend has lived with her since April 1988.

In 1988, Mother began planning to move with her boyfriend and Son to California or Florida because of better employment opportunities and a more feasible economic standard of living. At

trial, Mother testified of her plan to move as soon as possible. Mother's relocation plan prompted Father, on December 2, 1988, to ask the family court to award him specific rights of visitation. On December 8, 1988 Mother countered with a request for sole legal and physical custody. The December 20, 1988 "Stipulated Order Upon Order After Orders to Show Cause for Temporary Relief" states, in part, that both parties requested sole legal and physical custody.

The family court's April 19, 1989 "Child Custody, Visitation and Support Study" recommended awarding Mother legal and physical custody and awarding Father specific liberal rights of visitation including alternate weekends, one midweek afternoon, half of spring, summer and winter school vacations, and alternate holidays. The recommendation was silent about the effect Mother's planned move to California or Florida would have on its recommendations.

On October 30, 1989 the family court entered its October 30, 1989 Order awarding Mother sole legal and physical custody. It awarded Father specific rights of visitation, including alternate weekends and alternate Wednesday overnights. It further stated, in relevant part, as follows:

13. [Father] shall be awarded sole legal and physical custody of the parties' minor child, one (1) week prior to the departure by [Mother] to the mainland should [Mother] decide to move.

14. If [Mother] moves to the mainland she shall be entitled to eight weeks of visitation with the minor child during the summer, and two (2) weeks of visitation every other Christmas vacation. During the years that [Mother] exercises visitation for two (2) weeks during the Christmas holidays, her summer visitation with the minor child will be reduced to six (6) weeks for the following summer.

15.   [Father] shall pay one–half of the travel expenses for the minor child during the summer visitation, but no travel expenses for the Christmas vacation visitation.

16.   [Mother] shall have unrestricted long distance telephone calls with the minor child.

Record at 117–18.

The family court's expressed factual considerations for awarding Mother sole legal and physical custody only as long as she did not move to the mainland are as follows:

A.   The fact that Mother and Father were ready, willing, and qualified to serve as Son's sole legal and physical custodian.

B.   The lack of any evidence in the record to support any relevant findings about the situation and circumstances Mother and Son will be in if they move to California, Florida, or elsewhere.

C.   The lack of any evidence in the record to support a finding that Son's best interests will be served if he moves away from Hawaii with Mother.

D.   The evidence in the record and the finding that Son's interests will be well served if he remains in Hilo in Father's custody.

E.   The ultimate finding, based on A, B, C, and D above, that if Mother moves to California, Florida, or elsewhere, Son's best interests will be served by his remaining in Hilo in Father's custody.

## DISCUSSION
### 1.

Hawaii Revised Statutes (HRS) § 571–46 (Supp. 1989) states, in relevant part, as follows:

**Criteria and procedure in awarding custody.**  In the actions for divorce, separation, annulment, separate

maintenance, or any other proceeding where there is at issue a dispute as to the custody of a minor child, the court, during the pendency of the action, at the final hearing, or any time during the minority of the child, may make an order for the custody of the minor child as may seem necessary or proper.

We hold, *sua sponte*, that HRS § 571–46 gives the family court the power, where warranted by the facts, to award sole legal and physical custody of a child to his mother subject to the condition subsequent that the award of his custody to his mother will be automatically terminated and awarded to his father one week prior to the time when his mother effectuates her plans to move with the child to a new residence out of the family court's jurisdiction.

## 2.

Mother contends that the family court reversibly erred (a) when it deprived Mother of legal and physical custody merely because of her planned move from Hawaii to California or Florida; (b) when it burdened Mother's right to freedom of movement by conditioning custody on continued residence in Hawaii; and (c) when it decided the custody issue based on the possible move of Son from Hawaii to California or Florida before any relevant information concerning the move was available.

Mother misunderstands both the issue and the basis for the family court's decision. Under HRS § 571–46, the sole issue is Son's best interests. *Fujikane v. Fujikane*, 61 Haw. 352, 604 P.2d 43 (1979). This is an issue of ultimate fact. *In re Jane Doe*, born on June 4, 1987, 7 Haw. App. ___, 784 P.2d 873 (1989). The family court's award of sole legal and physical custody of Son upon a condition subsequent is based on its finding of Son's best interests. That finding is not clearly erroneous, and the award upon a condition subsequent is not wrong.

Mother has a right to Son's legal and physical custody only when it is in Son's best interests. Here, the family court's decision is not based on Mother's planned move from Hawaii to somewhere in California or Florida. It is based on the lack of any relevant evidence to determine the effects Mother's move with Son will have on Son. Mother is free to move. If she moves, however, her existing legal right to Son's physical custody is automatically terminated and awarded to Father until she proves in court, as a matter of fact, that it will be in Son's best interests to move with her.

In the usual case, if it is in a child's best interests to be in the mother's sole legal and physical custody, that will be true no matter where the mother chooses to live with her child. *See Estrella v. Estrella*, 43 Haw. 210 (1959). In this case, however, the evidence forced the family court to choose between a situation and circumstances in Hawaii that are known to be beneficial to Son, even if Mother is elsewhere, and an unknown situation and circumstances somewhere in California or Florida. As noted above, the family court's ultimate finding of fact, that it would be in Son's best interests to remain with Father in Hilo if Mother leaves Hawaii, is not clearly erroneous.

## CONCLUSION

Accordingly, we affirm the family court's October 30, 1989 Order on Orders to Show Cause for Relief After Order or Decree Regarding Change in Custody, Visitation and Support.

*William J. Rosdil* and *Norman A. Wessel* (William J. Rosdil, Attorney at Law, a Law Corporation) on the briefs for plaintiff–appellant.

*Douglas L. Halsted* on the brief for defendant–appellee.