DEPARTMENT OF SOCIAL SERVICES AND HOUSING, STATE OF HAWAI'I and JANE DOE, Plaintiffs, v. JOHN DOE, Defendant–Appellant, and RICHARD ROE, Maternal Grandfather, Intervenor–Appellee

NO. 14997

(FC–P NO. 86–0390)

NOVEMBER 14, 1991

BURNS, C.J., HEEN, J., AND CIRCUIT JUDGE HUDDY ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY BURNS, C. J.

On April 15, 1985, Son was born to Mother and Father. Although Mother and Father were not married, they and Son lived

together. On July 23, 1986, Mother and the State of Hawai'i Department of Social Services and Housing (DSSH) commenced this case by filing a paternity petition against Father. Mother and Father ceased living together in April, May, or June of 1989. In June 1989, Mother and Son moved in with Mother's father (Maternal Grandfather), whose birth date is January 5, 1918.

In June 1989, Father married a woman (Stepmother) and became the stepfather of a fourteen–year–old daughter (Stepdaughter) and a twelve–year–old son (Stepson). Stepdaughter lived with her grandmother. Stepson lived with Stepmother and Father.

On June 23, 1989, Father acknowledged his paternity of Son. On September 22, 1989, the family court entered a judgment confirming Father's paternity of Son, awarding Mother legal and physical custody of Son pending a social study, requiring Father to pay child support of $120 per month commencing August 10, 1989 and $220 per month commencing August 10, 1990 and awarding Father specific reasonable visitation rights.

On January 11, 1990, the family court entered a Stipulation and Order Granting Child Custody (January 11, 1990 Stipulated Custody Order) which awarded joint legal custody of Son to Father and Maternal Grandfather and sole physical custody of Son to Maternal Grandfather, subject to Father's rights of reasonable visitation as specified in the September 22, 1989 judgment.

On February 20, 1990, the family court approved and ordered a stipulation which retroactively reserved Father's child support payments effective September 10, 1989. On February 21, 1990, the family court approved and ordered a stipulation interpleading Maternal Grandfather in the case.

On May 7, 1990, Father filed a motion seeking the sole legal and physical custody of Son, subject to Maternal Grandfather's rights of reasonable visitation. On July 13, 1990, Maternal

Grandfather filed a motion seeking the sole legal and physical custody of Son, subject to Father's rights of reasonable visitation.

The family court's August 1, 1990 social study recommended the award of the legal and physical custody of Son to Maternal Grandfather subject to Father's rights of reasonable visitation as specified therein.

After a September 17, 1990 hearing, the family court entered a November 2, 1990 Order Granting Child Custody awarding the sole legal and physical custody of Son to Maternal Grandfather subject to Father's specified rights of reasonable visitation.

On February 13, 1991, the family court entered its Findings of Fact and Conclusions of Law. The family court found, in essence, that (1) Son has been in the sole physical custody of Maternal Grandfather since June 1989; (2) Maternal Grandfather has provided Son with a stable and wholesome environment in which Son has thrived; (3) it would not be in Son's best interests to disrupt Maternal Grandfather's sole physical custody of Son; and (4) Maternal Grandfather can provide "better continuity of good care" for Son than Father. The family court expressly did not enter a finding as to whether or not Father was a fit and proper person or had a stable and wholesome home.

The findings of fact challenged by Father in this appeal are not clearly erroneous. The dispositive issue is the question of law whether the family court was permitted to change Maternal Grandfather's legal custody of Son from joint to sole, to continue Maternal Grandfather's sole physical custody of Son, and to deny Father's petition for the award to him of the sole legal and physical custody of Son without entering a finding that Father is not a fit and proper person or does not have a stable and wholesome home. Our answer is yes.

In *In re Jane Doe*, 7 Haw. App. 547, 784 P.2d 873 (1989), we quoted the relevant subsections of Hawai‘i Revised Statutes (HRS) § 571-46 (1985) and stated that

[u]nder HRS § 571–46, the determining factor with respect to child custody is the best interest of the child. *Fujikane v. Fujikane*, 61 Haw. 352, 604 P.2d 43 (1979). On the subject of best interests, HRS § 571–46(1) accords priority to the child's parents. HRS Chapter 587 accords priority to the child's family as defined in HRS § 587–2, *supra*. There are no other statutory priorities.

7 Haw. App. at 556, 784 P.2d at 879.

Applying the foregoing priorities in a subsequent case, we stated that

in a contest between the mother and the paternal grandmother for a child's custody, the mother must prevail absent a valid finding that she is not a fit and proper person or has a home that is not stable and wholesome.

*In re John Doe*, 7 Haw. App. 575, 581, 786 P.2d 519, 523 (1990). The above rule, which is based on HRS § 571–46(1) (1985), applies in the absence of a valid court order awarding the custody of the child to a person other than the father and/or the mother. When there is a valid court order awarding the custody of the child to a person other than the child's father and/or mother, HRS § 571–46(6) (Supp. 1990) applies. It provides in relevant part as follows: "Any custody award shall be subject to modification or change whenever the best interests of the child require or justify the modification or change[.]"

Consequently, Father's right to custody priority in the absence of a valid finding that he is not a fit and proper person or has a home that is not stable and wholesome was extinguished by the January 11, 1990 Stipulated Custody Order awarding joint legal custody of Son to Father and Maternal Grandfather and sole physical custody to Maternal Grandfather. Thereafter, the sole consideration was the best interests of Son.

Accordingly, we affirm the family court's November 2, 1990 Order Granting Child Custody.

*Philip D. Bogetto* on the briefs for defendant–appellant.

*Kimberly S. Towler* and *Richard Hacker* on the brief for intervenor–appellee maternal grandfather.