SCOTT M. HAYES, Petitioner-Appellee,
v.
MONICA M. HAYES, Respondent-Appellee, and MARTIN ORTOGERO and LUISA ORTOGERO, Interveners-Appellants
No. 28336
Intermediate Court of Appeals of Hawaii
June 23, 2009.
On the brief:
Peter Van Name Esser and Sheila S. H. Sue-Noguchi, for Interveners-Appellants.

SUMMARY DISPOSITION ORDER
WATANABE, Acting C.J., NAKAMURA, and LEONARD, JJ.
This appeal arises from a petition filed by Petitioner-Appellee Scott M. Hayes (Father) against Respondent-Appellee Monica M. Hayes (Mother) (collectively, Parents), seeking sole physical and legal custody of their two children (Children).
Intervenors-Appellants Martin Ortogero and Luisa Ortogero (Maternal Grandparents) appeal from the following orders entered by the Family Court of the First Circuit[1] (family court) in favor of Father:
(1) The October 2, 2006 "Order Re [Father's] Petition for Award of Child Custody, Visitation, Child Support and Other Orders Concerning the Children of the Parties Filed January 25, 2006, and Maternal Grandparent's [sic] Motion to Intervene, etc., Filed July 19, 2006" (order awarding custody); and
(2) The November 28, 2006 "Order Denying Motion For: 1) Reconsideration, and/or for Further Trial, on: A) Maternal Grandparents' Motion to Intervene, for Appointment of Custody Guardian Ad Litem, for Temporary Custody of the Minor Children, for Drug Testing of Father, for Psychological Evaluation of Father, and for Order Authorizing Interveners to Secure Father's Military Records and B) Father's Petition for Award of Child Custody etc." (order denying reconsideration).
We affirm.

A.
Parents separated in 2004. Pursuant to a temporary child-custody order entered on August 27, 2004, a North Carolina court awarded Parents joint legal custody of Children, with Mother having primary custody and Father having "secondary custody consisting of visitation as agreed upon between the parties." Shortly thereafter, Mother and Children moved to Hawai`i to live with Maternal Grandparents.
On July 20, 2005, in FC-G No. 05-0210, Maternal Grandparents filed a petition for guardianship of Children, alleging that Parents were unable to care for Children. In support of their petition, Maternal Grandparents related that Parents were abusing drugs, Father had abused Mother, Father had abandoned Children, and Maternal Grandparents had supported and cared for Children since August 2004. Father appeared at the hearing and opposed Maternal Grandparents' petition, which the family court[2] dismissed.
On January 25, 2006, Father filed a petition for custody of Children, claiming that he was clean and sober and able to care for Children at his home in New York. On July 19, 2006, Maternal Grandparents filed a motion to intervene, asserting that Father was not "a fit and proper parent to have custody of, and/or unsupervised visitation with [Children]" because he was a "flight risk" and had "a history that includes but is not limited to: domestic violence, driving while under the influence, and drug use which resulted in his discharge from the military, (along with failing/refusing to comply with anger management requirements and/or other counseling as directed by the military) [.]" Maternal Grandparents also requested that Father be drug-tested and undergo a psychological evaluation and that the family court award Maternal Grandparents temporary custody of Children, appoint a custody guardian ad litem, and permit discovery of Father's military records.
At a combined hearing on Father's petition for custody and Maternal Grandparents' motion to intervene, the family court defaulted Mother because although her attorney was present, Mother did not personally appear. Father and Maternal Grandparents testified and were cross-examined. Father acknowledged that he had a history of drug use, had two pending charges for driving under the influence, and had been convicted of writing a $1,000 check without sufficient funds. Additionally, Father admitted that Mother had sought a restraining order against him in North Carolina. Father also testified, however, that he was now clean and sober, was working and attending college, had made the dean's list, and could provide a home for Children in New York, where he had a support system of relatives. Father denied the allegations of domestic abuse.
The family court granted Maternal Grandparents' motion to intervene but awarded Father sole legal and physical custody of Children, concluding that Maternal Grandparents had not met their burden of establishing that Father was an unfit parent. The family court found that there was no credible evidence that Father had abused Children or currently abuses drugs or alcohol. The family court also found that there had been no determination by any court that Father had perpetrated domestic violence against Mother. The family court determined that Father had rehabilitated himself and was willing and able to exercise his parental rights. Maternal Grandparents were allowed reasonable visitation.
As part of its order, the family court directed that Father undergo a substance-abuse assessment and attend a parenting class, which Father completed. Father was allowed to move Children from Hawai`i after their current school session ended in September 2006.

B.
On appeal, Maternal Grandparents advance the following points of error:
(1) The family court "applied the wrong standard for custody under [Hawaii Revised Statutes (HRS) §] 571-46 [(2006)] by refusing to consider the best interests of [Children], and requiring [Maternal] Grandparents to show by clear and convincing evidence treat Fat nee; was unfit, or that extraordinary circumstances exist which make Father's custody detrimental to Children";
(2) The family court "denied [Maternal] Grandparents due process and discovery when, after conducting a hearing on under [Hawai`i Family Court Rules] Rule 24 [(2006)], it simultaneously awarded Father sole custody of Children" (formatting altered);
(3) The family court "put the cart before the horse, and ignored [HRS §] 571-45 [(2006)], when it denied [Maternal] Grandparents' requests for a [guardian ad litem], drug and psychological assessments, and access to Father's military records, because [Maternal] Grandparents failed to show Father was unfit" (formatting altered);
(4) The family court "disregarded prima facie evidence of family violence and failed to apply the presumption against custody described in [HRS §] 571-46(9)" (formatting altered); and
(5) The family court "disregarded overwhelming evidence, and its own oral findings, when it found that Father was fit to raise [Children], or that it is in their best interests to be removed from their Hawaii residence, financial security, schools, friends, sister and [Maternal] Grandparents, and taken with Father to New York."

C.
Upon a careful review of the record and the briefs submitted, and having given due consideration to the case law and statutes relevant to the arguments advanced and the issues raised, we disagree with Maternal Grandparents and resolve their points of error as follows:

1.
The family court correctly concluded that as between Father and Maternal Grandparents, HRS § 571-46 accords custody priority to Father, absent a valid finding that Father is an unfit parent. See In re Doe, 7 Haw. App. 575, 581, 786 P.2d 519, 523 (1990) (holding that under HRS § 571-46, "in a contest between the mother and the paternal grandmother for a child's custody, the mother must prevail absent a valid finding that she is net a fit and proper person or has a home that, is not stable and wholesome"); Dep't of Soc. Servs. & Hous. of Hawaii v. Doe, 9 Haw. App. 16, 19, 819 P.2d 1130, 1132 (1991) (holding that tree foregoing custody presumption "applies in the absence of a valid court order awarding the custody of the child to a person other than the father and/or the mother").
Although Maternal Grandparents alleged that Father was unfit because of a history of substance abuse and domestic violence, the family court found that Maternal Grandparents had not established that Father was unfit and, therefore, awarded Father sole legal and physical custody of Children. The family court's findings of fact stated, in pertinent part:
10. [Father] has remained clean and sober since completion of his rehabilitation in 2004.
....
17. [Father] did not spank [Children] or leave any marks or bruises on [Children]. No credible evidence was presented to establish that [Father] ever harmed [Children] by administering excessive physical discipline or that he was physically abusive towards [Children].
18. [Father's] testimony concerning his prior use of alcohol and illicit drugs, his present rehabilitation, and his plans for care and supervision of [Children] was credible and reliable and supported by evidentiary exhibits.
19. No credible evidence was presented to establish that [Father] currently abuses alcohol or illicit drugs, or that his ability to provide for the care and supervision of [Children] is currently impaired by his use of alcohol or illicit drugs.
20. Pursuant to HRS §571-46(9), a determination by a Court that family violence has been committed by a parent raises a rebuttable presumption that it is detrimental to the child and not in the best interest of the child to be placed in the sole custody, joint legal custody, or joint physical custody of the perpetrator of family violence. The Court finds that there has been no determination by any court that [Father] was a perpetrator of domestic violence against [Mother] or other family members. The allegations raised by [Maternal Grandparents] during the trial happened some time ago and [Maternal Grandparents] have no first hand knowledge or evidence of [Father] perpetrating family violence.
21. [Father] has rehabilitated himself and his personal condition has improved. [Father] is not an unfit parent and he is willing and able to exercise his parental rights.
(Emphases added.)
The record contains substantial evidence to support the family court's findings, which support the family court's conclusions of law:
5. Bared upon the totality of the credible and reliable evidence before the Court, Intervening Maternal Grandparents have not met their burden of proving that [Father] is unfit. Therefore, as between [Father] and [Maternal Grandparents], the Court concludes that it is just and equitable that sole legal and sole physical custody of [Children] be awarded to [Father] and that [Maternal Grandparents] be awarded visitation.
6. Having failed to meet their burden of showing that [Father] is unfit, there is no good cause for granting [Maternal Grandparents'] remaining Motions For Appointment of a Custody Guardian Ad Litem, For Temporary Custody of [Children], For Drug Testing of Father, For Psychological Evaluation of Father, and For an Order Authorizing [Maternal Grandparents] To Secure Father's Military Records and said motions are denied.
See Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co,, 100 Hawai`i 97, 117-18, 58 P.3d 608, 628-29 (2002) ("[I]t is within the province of the trier of fact to weigh the evidence and to assess the credibility of the witnesses, and this court will refrain from interfering in those determinations[.]"); In re Doe, 101 Hawai`i 220, 227, 65 P.3d 167, 174 (2003) (stating that the family court's findings of fact "are reviewed on appeal under the `clearly erroneous' standard").
While we acknowledge Maternal Grandparents' considerable efforts to assist in raising Children, we conclude that the family court did not err in awarding Father sole legal and physical custody of Children.

2.
As to the second point of error, we conclude that Maternal Grandparents were not deprived of an opportunity to present their evidence and arguments regarding Father's fitness. Maternal Grandparents testified at the hearing and presented evidence of Father's drug use, criminal record, military discharge record, and other factors bearing on Father's fitness to parent. Moreover, Maternal Grandparents' attorney had an opportunity to cross-examine Father about his alleged substance abuse and domestic violence, and Father admitted that he had a history of substance abuse, a criminal record, and had been discharged from the military for misconduct.

3.
Insofar as the family court determined that Father was not unfit and awarded him custody of Children, we conclude, as to the third point of error, that the family court did not abuse its discretion in denying Maternal Grandparents' requests for the appointment of a guardian ad litem, an award of temporary custody of Children, drug testing and a psychological evaluation of Father, and discovery of Father's military records. See In re Doe, 77 Hawai`i 109, 115, 883 P.2d 30, 36 (1994) (stating that the family court "possesses wide discretion in making its decisions and those decisions will not be set aside unless there is a manifest abuse of discretion").

4.
In light of cur previous discussion, Maternal Grandparents' remaining points of error have no merit.
For the foregoing reasons, we affirm the October 2, 2006 order awarding custody and the November 28, 2006 order denying reconsideration.
NOTES
[1] The Honorable Darryl Y. C. Choy presided.
[2] The Honorable Jennifer L. Ching presided.