**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000097
11-APR-2025
07:52 AM
Dkt. 65 SO**

NO. CAAP-24-0000097

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


C.Y., Petitioner-Appellant, v.
R.H., Respondent-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. 1FPA-23-0000231)


SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, and Wadsworth and Nakasone, JJ.)

This appeal arises out of a child custody dispute between Petitioner-Appellant C.Y. (**Mother**) and Respondent-Appellee R.H. (**Father**). Mother appeals from the Decision and Order Re: Custody, Visitation, and Support (**Order**) entered on January 22, 2024, in the Family Court of the First Circuit (**Family Court**).[1] Mother also challenges certain aspects of the Family Court's March 28, 2024 Findings of Fact and Conclusions of Law (**FOFs/COLs**). Following a bench trial, the Family Court awarded the parties joint legal custody of their minor child (**Child**), with father having tie-breaking authority. The court also awarded the parties shared physical custody of Child, with Child's primary residence in Tennessee with Father, commencing July 14, 2024.

On appeal, Mother contends that the Family Court erred in: (1) awarding the parties joint legal custody of Child with Father having tie-breaking authority, and shared physical custody of Child with her primary residence in Tennessee; (2) ordering

---

[1] The Honorable Jessi L.K. Hall presided.

that Mother's visitation with Child "be limited to up to seven . . . days if [Mother] is in [Child's] residential location"; (3) allowing testimony about the "hair follicle test" (**Test**); and (4) failing to make adequate findings of fact to support the court's conclusions of law.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Mother's contentions as follows, and affirm.

(1)(a)  Mother first contends that the Family Court erred in ordering Child's relocation to Tennessee to reside with Father.  Mother argues that:  (1) Hawaiʻi courts ordinarily prefer a resident parent over a nonresident parent when both are equally fit and, here, "there is nothing contained []in [the Custody Investigation Unit (**CIU**) **Report**] to suggest that [Mother] is unfit to have custody of [Child] in Hawaiʻi"; and (2) "the record is devoid of any evidence of how the immediate relocation of [Child] to Tennessee would be in her best interests."

"It is well settled that in child custody cases the paramount concern is the best interests of the child."  W.N. v. S.M., 143 Hawaiʻi 128, 135, 424 P.3d 483, 490 (2018) (citing Doe v. Doe, 98 Hawaiʻi 144, 155, 44 P.3d 1085, 1096 (2002)). Likewise, in cases where one parent wishes to relocate with a child over the objection of the other parent, courts have consistently applied the best-interests-of-the-child standard. DJ v. CJ, 147 Hawaiʻi 2, 23, 464 P.3d 790, 811 (2020) ("When one parent requests permission to relocate out-of-state with a child, . . . under Hawaiʻi law, the governing consideration is not a parent's interests, but whether allowing relocation is in the 'best interests of the child.'" (quoting HRS § 571-46(a)(1) (2006 & Supp. 2013))); see Fisher v. Fisher, 111 Hawaiʻi 41, 50, 137 P.3d 355, 364 (2006); Waldecker v. O'Scanlon, 137 Hawaiʻi 460, 471, 375 P.3d 239, 250 (2016).  HRS § 571-46(b) (2018) provides a non-exhaustive list of factors for the family court to consider in determining the best interests of the child.  "The trial court possesses broad discretion in making custody decisions and in its determination of what is in the best interests of the child."

A.A. v. B.B., 139 Hawaiʻi 102, 106, 384 P.3d 878, 882 (2016) (citing Fujikane v. Fujikane, 61 Haw. 352, 354, 604 P.2d 43, 45 (1979)).

Here, the Family Court, having considered the CIU Report and the evidence adduced during the three-day trial, concluded "[b]ased on the totality of the evidence" that it was in Child's best interests to award Mother and Father shared physical custody of Child with her primary residence in Tennessee with Father, commencing July 14, 2024. The Family Court's conclusions were based in part on FOFs 9 and 16 through 38.

Mother appears to challenge FOFs 9.x. and 34 through 36. For the reasons discussed below, her challenge to FOF 9.x. is without merit. Further, Mother does not provide any argument or basis as to why FOFs 34 through 36 were clearly erroneous. Her challenge to these FOFs is therefore waived.[2/] See HRAP Rule 28(b)(7). Mother does not challenge the remaining FOFs, many of which are relevant to the Family Court's decision to allow Child's relocation. These FOFs are therefore binding on appeal and, along with FOFs 34 through 36, support the Family Court's decision allowing relocation. See Okada Trucking Co. v. Bd. of Water Supply, 97 Hawaiʻi 450, 458–59, 40 P.3d 73, 81–82 (2002).

The Family Court's FOFs, as well as COL 1, reflect the court's consideration of the factors outlined in HRS § 571-46(b). On this record, we conclude that the Family Court did not abuse its discretion and appropriately considered the best interests of Child in ordering her relocation to Tennessee to reside with Father, commencing July 14, 2024. COL 5.b. is not wrong.

(1)(b) Mother contends that the Family Court erred by awarding the parties joint legal custody with Father having tie-breaking authority, as stated in COL 5.a. Instead, Mother contends that the Family Court should have awarded joint legal custody "with a mandatory dispute resolution process for any impasses that might arise between the parties."

The Family Court concluded "[b]ased on the totality of the evidence" that it was in Child's best interest to award

---

[2/] In any event, substantial evidence supports FOFs 34-36.

Father tie-breaking authority.  On this record, we conclude that the Family Court acted within its broad discretion in awarding tie-breaking authority to Father.  See KS v. RS, 151 Hawaiʻi 336, 348, 512 P.3d 702, 714 (App. 2022).  COL 5.a. is not wrong.

(1)(c)  Mother contends that the Family Court erred by quoting part of HRS § 571-46(a)(9), among other subsections, in COL 1, where the court did not make a specific finding that Mother committed "family violence."

We conclude that any error in citing this provision was harmless.  The COLs do not indicate that the court's custody decisions were based on a rebuttable presumption established by a finding of family violence.  Rather, COL 1 recites the relevant factors listed in HRS § 571-46(b), and COL 5 concludes that the court's custody decisions are "[b]ased on the totality of the evidence and considering the best interest of . . . [C]hild . . . ."

(1)(d)  Mother contends that the Family Court erred in failing to consider the Test in determining Child's best interests.

In fact, the court expressly considered the information contained in the CIU Report, which was received into evidence based on the parties' stipulation.  See HRS § 571-46(a)(4) (2018).  In particular, FOF 9.x. summarizes the relevant information from the report about the Test.  FOF 23 states additional information relevant to Mother's argument.  In turn, the court's custody decisions were "[b]ased on the totality of the evidence[,]" including the information contained in the CIU Report and FOF 23.  Mother's contention that the Family Court failed to consider the Test is therefore without merit.[3]

(2) Mother contends that the Family Court "abused its discretion when it ordered that [Mother's] visitation with [Child] be limited to up to seven . . . days if [Mother] is in [Child's] residential location."

The Family Court's Order establishes a comprehensive time sharing plan allowing Mother to have significant time with

_____

[3]      In part (4), infra, we address Mother's contention that the Family Court erred in allowing testimony regarding the Test.

Child throughout the year. This plan includes that, after 2024, Mother will have Child for the school's "Spring Break" and "Fall Break" every year, as well as for "summer break" every year, and that the parties will split the school's "Christmas Break" equally. The Order also provides in relevant part:

> For the months of January, February, April, May, and September, Mother at her option may have the minor child in her care for up to seven (7) days in the minor child's residential location. . . . While the minor child is with Mother during these periods, Mother shall ensure that the minor child attends school, appointments, and extracurricular activities that are important to the minor child.

The Order further provides that if Mother chooses to relocate to Child's residential location, then the parties will have equal timesharing.

On this record, Mother has not shown that the Family Court acted unreasonably or otherwise abused its discretion in ordering that aspect of the timesharing plan allowing Mother to have Child in her care for up to seven days in Child's residential location during the identified months. The challenged aspects of COL 5.c. are not wrong.

(3) Mother contends that "[t]he [F]amily [C]ourt erred in allowing [Father] to testify about matters surrounding" the Test. Mother argues that Father improperly testified "as to his interpretation of the . . . [T]est without being qualified as an expert witness." Mother also argues that "any statements contained in the CIU Report around . . . [the T]est is inadmissible as hearsay."

Father responds that he was not offering expert testimony, but merely reciting what the CIU Report states. Father points out that the CIU Report was admitted into evidence by agreement of the parties, and Mother chose not to call the investigator as a witness.

In fact, the parties stipulated to the CIU Report being received into evidence without examination of the investigator. Mother waived any hearsay objection to the contents of the CIU Report. In any event, the CIU Report was properly received in evidence and considered by the Family Court in reaching its

5

custody decision.  See HRS § 571-46(a)(4); <u>L.R.O. v. N.D.O.</u>, 148 Hawaiʻi 336, 352, 475 P.3d 1167, 1183 (2020); <u>Sabol v. Sabol</u>, 2 Haw. App. 24, 29, 624 P.2d 1378, 1382 (1981).

As for Father's testimony about the Test, it appears he essentially restated part of what was in the CIU Report.  The Report itself, including the information about which Father testified, was properly received in evidence; thus, the Family Court's consideration of this information did not depend on Father's testimony.  Any error in admitting the testimony was harmless.

(4) Mother contends that the Family Court erred in failing to make adequate findings of fact to support the court's conclusions of law.  We disagree.

The Family Court's extensive FOFs, as well as COLs 1, 3, and 5, reflect the court's consideration and application of the factors outlined in HRS § 571-46(b).  See supra.  In particular, the FOFs support the Family Court's conclusion that it was in Child's best interests to award the parties shared physical custody of Child with her primary residence in Tennessee.  The FOFs satisfy the requirement "to only make brief, definite, pertinent findings and conclusions upon the contested matters[.]"  <u>Rezentes v. Rezentes</u>, 88 Hawaiʻi 200, 203, 965 P.2d 133, 136 (App. 1998) (quoting <u>Doe IV v. Roe IV</u>, 5 Haw. App. 558, 565-66, 705 P.2d 535, 542 (1985)).

For the reasons discussed above, the Decision and Order Re:  Custody, Visitation, and Support, entered on January 22, 2024, in the Family Court of the First Circuit, is affirmed.

DATED:  Honolulu, Hawaiʻi, April 11, 2025.

On the briefs:

Branden T. Nakahara
(The Law Office of Branden T. Nakahara)
for Petitioner-Appellant.

Jared A. Washkowitz
(JAW Legal)
for Respondent-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge